# IN THE COURT OF APPEALS OF IOWA

No. 14-0360
Filed November 25, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**SHAWN WAYNE KNAKMUHS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.


　　　　The defendant appeals his sentence after pleading guilty to six counts of

forgery. **AFFIRMED.**



　　　　David Barajas of Gaudineer & George, L.L.P., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.



　　　　Considered by Vaitheswaran, P.J., Bower, J., and Eisenhauer, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Shawn Wayne Knakmuhs pled guilty to six counts of forgery after manufacturing counterfeit $10 and $20 bills and attempting to use the counterfeit bills as currency. He was sentenced to a term of no more than five years in prison on each count of forgery, and the sentences were ordered to run consecutively. On appeal, Knakmuhs contends the court failed to state on the record its reasons for imposing consecutive sentences.

We reverse a sentence imposed within the statutory maximum only if an abuse of discretion is shown. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). In exercising its discretion, the court must weigh "all pertinent matters," "including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *Id.* (citations and internal quotation marks omitted). An abuse of discretion is shown where the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

In sentencing a defendant, "[t]he court shall state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). "This requirement includes giving reasons for imposing consecutive sentences." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). The reason for this requirement is to ensure the defendant understands the consequences of engaging in criminal actions and to afford the appellate courts the ability to review the court's exercise of discretion. *Thompson*, 856 N.W.2d at 919. "A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does

not prevent review of the exercise of the trial court's sentencing discretion." *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989).

Here, the court stated its reasons for sentencing Knakmuhs at length, explaining it considered the presentence investigation report, the statement and arguments of the attorneys, and Knakmuhs's statement in making its decision. The court noted "the number and nature" of Knakmuhs's prior offenses, and although the court acknowledged the value of giving second chances, it emphasized the need to protect the public from Knakmuhs. The court also noted "the length of time that [Knakmuhs has] been unable to be out in society without committing further offenses." As the court described, "You were only out of prison approximately a year when you committed the offenses that you are on probation for and it was only about a month after that or maybe a couple months that you committed these offenses." The court cited "other matters that are pointed out in the presentence investigation report." Finally, the court expressed concern over the nature of the offense. Specifically, the court found the offense required a great deal of calculation, which "demonstrates a real criminal mentality." The court then sentenced Knakmuhs to a term of incarceration of no more than five years on each count and ordered those sentences be served consecutively.

Because the court's reasons for ordering consecutive sentences were "clearly expressed in its overall explanation for the sentence it imposed," *Barnes*, 791 N.W.2d at 828, we affirm.

**AFFIRMED.**