# IN THE COURT OF APPEALS OF IOWA

No. 15-0189
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT FRANK PECK,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kevin A. Parker, District Associate Judge.

The defendant appeals from his sentence for operating a vehicle while intoxicated, second offense. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Colin R. McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Robert Peck appeals from his sentence for operating a motor vehicle while under the influence, second offense. Peck maintains the district court failed to provide reasons on the record for the sentence imposed, as required by Iowa Rule of Criminal Procedure 2.23(3)(d), and asks that we remand for resentencing. We agree the district court abused its discretion. We vacate Peck's sentence and remand for resentencing.

On October 15, 2014, Peck entered a guilty plea to a charge of operating a motor vehicle while under the influence, second offense, in violation of Iowa Code section 321J.2(2)(b) (2013). On January 5, 2015, he was sentenced to a period of incarceration not to exceed two years. The sentencing hearing was not reported. The same day, the district court filed a standard sentencing form. The form provided, in part, "The following sentence is based on all of the available SENTENCING CONSIDERATIONS set out in Iowa Code section 907.5." The form also provided fourteen factors that the court could check to indicate its reason for imposing the specific sentence; however, the court did not check any of the boxes. No reasons were otherwise recited within the sentencing order.

On January 20, 2015, Peck filed a motion with the district court to reconsider the sentence imposed. Peck also filed a timely appeal on January 30, 2015.

On May 26, 2015, the district court filed an order denying Peck's motion to reconsider. In the order, the court stated, "The Defendant's sentence was ordered in order to protect the public, for the rehabilitation of the Defendant, and

based upon the Defendant's prior criminal history and in particular his Operating While Intoxicated convictions."

Following the district court's order, the State filed a motion to dismiss Peck's appeal as moot. Our supreme court ordered the issue submitted with the appeal and transferred the case to us.

"When 'the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted). "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *Id.* (citation omitted).

Here, the district court failed to meet the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d) by not stating on the record any reasons for the sentence imposed. In *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014), our supreme court overruled the line of cases that held a defendant waives the right to appeal a particular sentence when the defendant waives reporting of the sentencing hearing and the court fails to put its reasons for the sentence in the written sentencing order. It held that "if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing." *Thompson*, 856 N.W.2d at 921. After *Thompson*, our supreme court recognized the continuing existence of two exceptions where sentencing reasons need not be stated on the record or recited in the sentencing order, namely (1) where the least-severe sentence was

imposed upon the defendant and (2) where the court simply followed the terms of the plea agreement and the plea agreement is of record. *See Thacker*, 862 N.W.2d at 408–09. However, neither exception applies to these facts.[1]

Accordingly, we vacate Peck's sentence and remand the case for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

[1] Since the appeal was filed, the district court entered an order denying reconsideration of the sentence and stating the reasons for the sentence, namely, "The Defendant's sentence was ordered in order to protect the public, for the rehabilitation of the Defendant, and based upon the Defendant's prior criminal history and in particular his Operating While Intoxicated convictions." However, we do not find this subsequent order meets the requirements set forth in *Thompson* and *Thacker*—although perhaps a nunc pro tunc order or an amended sentencing order would suffice.