# IN THE COURT OF APPEALS OF IOWA

No. 15-1660
Filed August 17, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ZACHARY SCOTT PENNING,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Fayette County, Margaret L.

Lingreen, Judge.


          The defendant appeals from his sentence for domestic abuse assault.

**AFFIRMED.**


          Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds,

Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, and Alexandra Link, Assistant

Attorney General, for appellee.


          Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Zachary Penning appeals from his sentence for domestic abuse assault, an aggravated misdemeanor, pursuant to Iowa Code section 708.2A(3)(b) (2015). Penning maintains the district court abused its discretion when it sentenced him pursuant to a plea agreement without stating further reasons on the record for the sentence imposed.

**I. Background Facts and Proceedings**

On September 18, 2015, Penning was charged by trial information with domestic abuse assault, second offense. As part of a plea agreement, Penning entered a written guilty plea. In exchange for the plea, the State recommended Penning receive a one-year sentence with all but thirty days suspended and two years of formal probation, to run concurrent with Penning's sentence in another case. The agreement was not binding on the court.

A few days later, the court accepted Penning's plea and filed an order pronouncing judgment and sentence. The court sentenced Penning in accordance with the State's recommendation, as agreed to by Penning, and listed "nature of offense, plea agreement, [and] prior record" as reasons for the sentence.

Penning appeals.

**II. Standard of Review**

We will not reverse a sentence "absent an abuse of discretion or some defect in the sentencing procedure." *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

**III. Discussion**

Penning maintains the court abused its discretion when it gave effect to the plea agreement without providing reasons on the record for the sentence.

In a recent case, our supreme court reaffirmed the principle that when a district court simply imposes a sentence agreed to by the parties, it does not exercise discretion in a manner requiring an explanation or statement of reasons on the record. *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) (stating if the court exercised no discretion in sentencing other than to accept the plea agreement, the court should ensure the plea agreement is part of the record, but if the court departed from the plea agreement, the court has exercised discretion and must make a statement on the record explaining its decision).

Penning urges us to overrule this recent case and interpret Iowa Rule of Criminal Procedure 2.23(3)(d) to require a sentencing court to state on the record its reason for selecting a particular sentence, even if the court is only giving effect to the plea agreement of the parties. "We are not at liberty to overturn Iowa Supreme Court precedent." *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Thus, we affirm Penning's sentence.[1]

**AFFIRMED.**

---

[1] As the State notes, even if we were at liberty to overturn supreme court precedent, it is not clear that Penning would receive the relief he requests. Here, the district court listed the plea agreement and two other reasons—Penning's prior record and the nature of the offense—for the sentence imposed. We routinely uphold sentences where the court has provided a handful of reasons for that specific sentence. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) ("In this age of word processing, judges can use forms . . . to check boxes indicating the reasons why a judge is imposing a certain sentence. . . . If the sentencing order does not have boxes . . . , the judge can use his or her word processor to insert the reasons for a particular sentence."); *see also Hennings*, 791 N.W.2d at 838 (Iowa 2010) (stating a court's reasons for selecting a sentence may be "terse and succinct").