**IN THE COURT OF APPEALS OF IOWA**

No. 15-2029
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYRONE LAMONT HORTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gary G. Kimes,

Judge.

        Tyrone Horton appeals, claiming the district court abused its discretion in

sentencing.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Tyrone Horton entered a written plea of guilty to identity theft, an aggravated misdemeanor. *See* Iowa Code § 715A.8 (2015). The plea document stated Horton would receive "2 years prison." Horton waived his right to "speak to the Judge regarding punishment/sentencing," waived his right to a verbatim record of the proceedings, and agreed to immediate sentencing.

Using a form order, the district court sentenced Horton to a prison term not exceeding two years. The form listed fourteen "sentencing considerations" from which the court could choose and a blank space to write in un-enumerated sentencing considerations. The district court checked four boxes: "[t]he nature and circumstances of the crime," "[p]rotection of the public from further offenses," "[d]efendant's criminal history," and "[t]he plea agreement." On appeal, Horton contends "the district court abused its discretion by sentencing [him] without giving adequate reasons." *See State v. Thompson,* 856 N.W.2d 915, 918 (2014) (setting forth standard of review).

Iowa Rule of Criminal Procedure 2.23(3)(d) "requires the judge to include in his or her sentencing order the reason for the sentence when the defendant waives the reporting of the sentencing hearing." *Id.* at 920-21. A form sentencing order with boilerplate language attesting to the district court's consideration of all relevant factors required by the rule is insufficient. *State v. Thacker,* 862 N.W.2d 402, 410 (Iowa 2015). But the judge "can use forms . . . to check the boxes indicating the reasons why a judge is imposing a certain sentence." *Thompson,* 856 N.W.2d at 921.

The district court identified several reasons for the sentence, including the plea agreement. The agreement and its terms appeared in the record. *See Thacker,* 862 N.W.2d at 410 (noting the judge checked the box marked "Plea Bargain" but failed to include the terms of the plea agreement in the record). Horton agreed to a prison term not exceeding two years.

We discern no abuse of discretion in the district court's statement of reasons. Accordingly, we affirm Horton's sentence for identity theft.

**AFFIRMED.**