# IN THE SUPREME COURT OF IOWA

No. 13-1764

Filed December 12, 2014

Amended February 24, 2015

**STATE OF IOWA,**

Appellee,

vs.

**MARK AARON THOMPSON,**

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Carol L. Coppola (plea), District Associate Judge, and Odell G. McGhee II, (sentencing), District Associate Judge.

A defendant seeks further review of an opinion affirming his sentence. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

Benjamin D. Bergmann of Parrish, Kruidenier, Dunn, Boles, Gribble & Gentry, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea M. Petrovich, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

The defendant entered into a plea agreement with the State and proceeded to plead guilty to possession of a controlled substance. The court accepted his plea and set sentencing for a later date. At the time of sentencing, the court did not follow the recommendations in the plea agreement.

The defendant waived reporting of the sentencing hearing. The court failed to give its reason for the defendant's sentence in the written sentencing order. The defendant appealed. We transferred the case to the court of appeals. The court of appeals relied on *State v. Mudra*, 532 N.W.2d 765 (Iowa 1995), and *State v. Alloway*, 707 N.W.2d 582 (Iowa 2006), *overruled on other grounds by State v. Johnson*, 784 N.W.2d 192, 197–98 (Iowa 2010). It affirmed the sentence, holding the defendant waived his appeal rights as to his sentence. The court of appeals also held language in defendant's petition to plead guilty did not require the court to allow the defendant to withdraw his plea and therefore complied with Iowa Rule of Criminal Procedure 2.10.

On further review, we overrule our decisions in *Mudra* and *Alloway* and hold a judge must give his or her reasons for the defendant's sentence either on the record at a hearing or in the written sentencing order. From this time forward, a defendant does not waive his or her right to an appeal when the defendant waives reporting of the sentencing hearing and the judge fails to include his or her reasons for the sentence in the sentencing order. Additionally, we hold because the plea agreement was not conditioned on the concurrence of the district court, the court did not err in deviating from the plea agreement. Accordingly, we affirm in part and vacate in part the decision of the court of appeals,

vacate the defendant's sentence, and remand the case to the district court for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

On August 19, 2013, the State charged Mark Thompson with possession of a controlled substance in violation of Iowa Code section 124.401(5) (2013). The State offered Thompson a plea deal and filed it with the district court. In exchange for a guilty plea to the offense originally charged, the State agreed to recommend a sentence of sixty days incarceration, a $625 fine, and no probation. Thompson accepted the plea offer. On October 10, he filed a petition to plead guilty. Thompson's petition stated the plea agreement stipulated the State wanted sixty days in jail with no probation, but Thompson was free to argue for less jail time at sentencing. On the same day, the district court entered an order accepting the plea and set Thompson's sentencing hearing.

On October 31, the district court sentenced Thompson. The only record of the sentencing is a sentencing-order form filled out in pen by the judge. The form indicates Thompson waived reporting of the sentencing hearing. The form also indicates the district court deviated from the recommended sentence in the plea agreement. The district court sentenced Thompson to two years of incarceration with all but fifteen days of the sentence suspended and placed Thompson on probation for two years.[1] The court gave Thompson two days' credit for time served.

---

[1]The sentencing-order form does not indicate the judge imposed a fine. The plea agreement stated the fine would be $625, which is the minimum fine for the charge.

However, the district court did not fill out the section of the sentencing-order form regarding reasons for the court's sentence, which required the judge to check one or more boxes that the judge found consistent with the reasons for the chosen sentence. This section of the form reads as follows:

> On inquiry, no legal cause has been shown to prevent sentencing on this date. Defendant was given an opportunity to speak in mitigation of the sentence. The following sentence is based on all the available **SENTENCING CONSIDERATIONS** set out in Iowa Code Section 907.5. The court finds the following factors the most significant in determining this particular sentence:
> ☐ The nature and circumstances of the crime
> ☐ Protection of the public from further offenses
> ☐ Defendant's criminal history
> ☐ Defendant's substance abuse history
> ☐ Defendant's propensity for further criminal acts
> ☐ Statutory sentence requirements
> ☐ Defendant's statement
> ☐ Defendant's mental health history
> ☐ Defendant's family circumstances
> ☐ Maximum opportunity for rehabilitation
> ☐ Victim impact statement
> ☐ Defendant's age and character
> ☐ Defendant's employment
> ☐ The Plea Agreement
> ☐ _____ [(left blank for the judge to fill in a reason)]

On November 7, Thompson filed a notice of appeal, arguing the district court erred by failing to state on the record the reasons for the sentence imposed and that the district court improperly deviated from the sentence agreed upon in the plea agreement. We transferred the case to the court of appeals. The court of appeals affirmed the sentence because under current caselaw, Thompson "waived his appellate claim that the court violated Iowa Rule of Criminal Procedure 2.23(3)(d)" by failing to provide a record the court could rely upon to determine if an abuse of discretion occurred. Thompson then filed this application for further review, which we granted.

**II. Issues.**

The first issue we must decide is whether a defendant who waives reporting of sentencing and fails to provide a recreated record under Iowa Rule of Appellate Procedure 6.806(1) or Iowa Rule of Criminal Procedure 2.25(1) waives error when the sentencing judge fails to indicate on the written record the reasons for the sentence imposed. We must also decide whether the district court erred by failing to impose the sentence agreed upon in the plea agreement.

**III. Scope of Review.**

We will reverse a decision of the district court when an abuse of discretion occurs or there is some defect in the sentencing procedure. *State v. Formaro,* 638 N.W.2d 720, 724 (Iowa 2002). When the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable, an abuse of discretion occurs. *Id.* We review the court's determination to accept or reject a plea agreement for abuse of discretion. *State v. Barker*, 476 N.W.2d 624, 628 (Iowa Ct. App. 1991).

**IV. Appellate Review of a Sentence When the Defendant Waives Reporting of the Sentencing Hearing and the District Court Fails to Provide a Reason for the Sentence in the Written Record.**

The Iowa Rules of Criminal Procedure state a "court shall state on the record its reason for selecting the particular sentence" it imposes on the defendant. Iowa R. Crim. P. 2.23(3)(*d*). This requirement ensures defendants are well aware of the consequences of their criminal actions. *See State v. Lumadue,* 622 N.W.2d 302, 305 (Iowa 2001). Most importantly, the sentence statement affords our appellate courts the opportunity to review the discretion of the sentencing court. *See Alloway,* 707 N.W.2d at 584 ("When a court is given discretion in sentencing, a statement of the reasons for the sentence is necessary to

allow appellate courts to determine if the discretion in imposing one form of sentence over another form was abused."). The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order. *See Lumadue,* 622 N.W.2d at 304–05.

In *State v. Luedtke,* the district court failed to state a reason for the sentence imposed following the defendant's guilty plea. 279 N.W.2d 7, 8 (Iowa 1979). In *Luedtke* we stated,

> (w)ithout question, articulation of the rationale undergirding a sentence would assist both trial court and the appellate court on review. The view that such a record is desirable has now been embodied in a rule which we view as mandatory. Iowa R. Crim. P. [2.23(3)(*d*)] now provides that "(t)he court shall state on the record its reason for selecting the particular sentence."

*Id.* (internal quotation marks omitted). The court remanded the case for resentencing. *Id.* at 9.

In *State v. Pierce,* the defendant argued the district court's failure to state a reason on the record for the sentence imposed was error. 287 N.W.2d 570, 572 (Iowa 1980). We remanded the case for resentencing based upon the district court's failure to provide reasons for the sentences on the record. *Id.* at 575. We came to the same result in *State v. Marti,* 290 N.W.2d 570, 589 (Iowa 1980).

We have also held when discretion is not at issue, the district court should state the fact that it lacks discretion for the sentence imposed on the record. *State v. Matlock,* 304 N.W.2d 226, 228 (Iowa 1981) ("Trial courts should comply with rule [2.23(3)(*d*)] and state the reason for the sentence in every case. If the court has no discretion in sentencing, it should so state."). Our rationale for this requirement was that there

were practical reasons for the sentencing statement even when the district court lacks discretion. *Id.* There we said:

> Other practical considerations in requiring a statement of reasons are as follows: a good sentence is one which can reasonably be explained; knowing why the court imposed a particular sentence is of value to corrections authorities; and the explanation has a possible therapeutic effect on a defendant, although this latter consideration has been questioned.

*Id.*

Applying these principles, the court of appeals remanded a case for resentencing where there was no transcript of the sentencing hearing and the sentencing order indicated the sentencing court considered "the circumstances of the offense and the defendant's background," when it pronounced its sentence. *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987). In reaching its conclusion, the court of appeals said "[t]he present record, far from articulating the rationale behind the court's choice of sentence, states only generalized, vague considerations which we may assume advise every court in making every sentencing decision." *Id.* The court of appeals aptly noted:

> First of all, we think that implicit in rule [2.23(3)(*d*)] is a determination that appellate courts should not be forced to rely on *post hoc* attempts at divining the district court's motivation from the entirety of the record in order to determine if the district court abused its discretion. To answer the abuse of discretion question, an appellate court needs to know why a trial court acted in the way that it did, not why it might have done so.

*Id.* (citation omitted).

Subsequent to *Cooper*, we did not overrule *Luedtke* and its progeny, but added a new wrinkle to the issue. In *Mudra*, the defendant pled guilty to domestic abuse and waived reporting of the sentencing hearing. 532 N.W.2d at 766–67. We recognized we would not be able to

make a determination of an abuse of discretion on the written record provided and then found the lack of the reasons on the record was the defendant's fault for waiving the reporting of the sentencing proceedings. *Id.* at 767. We failed to consider the mandatory nature of rule 2.23(3)(*d*) and even the rule itself, but rather stated, "We believe, and strongly advise, that the better practice for a district court in situations where there is no transcription of the proceedings is to always state sufficient reasons in the sentencing order." *Id.* We then held the defendant waived error by waiving reporting of the hearing and affirmed the sentence even though we did not know if the district court gave reasons for its sentence. *See id.*

Ten years later, we affirmed *Mudra.* *See Alloway*, 707 N.W.2d at 585–86. There we said if the defendant waives reporting of the sentencing hearing, the defendant can still establish a record on appeal by means of a bill of exceptions as authorized by rule of criminal procedure 2.25 or by filing a supplemental statement of the record pursuant to rule of appellate procedure 6.10(3). *Id.* at 586. We again urged our district courts to fastidiously give reasons for their sentences. *Id.* at 587.

Thompson urges us to enforce rule 2.23(3)(*d*) and remand the case for resentencing because the district court did not give reasons for its sentence in the written sentencing order. To do so requires us to overrule *Mudra* and *Alloway* because Thompson waived the reporting of his sentencing hearing.

We "recognize that the principle of stare decisis demands that we respect prior precedent and that we do not overturn them merely because we might have come to a different conclusion." *State v. Bruce*, 795 N.W.2d 1, 3 (Iowa 2011). However, we must revisit our prior

decisions if those decisions are flawed and incompatible with present conditions. *Kersten Co. v. Dep't of Soc. Servs.*, 207 N.W.2d 117, 121 (Iowa 1973). Our rules state a *judge* shall state reasons, not that the defendant shall request reasons. Iowa R. Crim. P. 2.23(3)(*d*). Further, it is possible the defendant will not know the judge has failed to complete the written sentencing order with reasons for the sentence at the time of sentencing, while the judge is well aware the defendant has waived reporting of the hearing. We want to reiterate:

> We recognize the time pressures facing busy judges in a high-volume court. But defendants are not fungible commodities. They are entitled to be informed, preferably face-to-face, about the consequences of their criminal acts. Rule [2.23(3)(*d*)] and our prior cases require as much. The integrity of our system of justice demands it.

*Lumadue*, 622 N.W.2d at 305.

We think the sounder interpretation of rule 2.23(3)(*d*) requires the judge to include in his or her sentencing order the reason for the sentence when the defendant waives the reporting of the sentencing hearing. In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program. If the sentencing order does not have boxes similar to the ones in this case, the judge can use his or her word processor to insert the reasons for a particular sentence.

For these reasons, we overrule *Mudra, Alloway,* and the criminal cases relying on these cases holding the defendant waives his or her right to appeal a particular sentence when the defendant waives reporting of the sentencing and the court fails to put reasons for the sentence in the

written sentencing order. We also hold if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing. *See Anglemyer v. State*, 868 N.E.2d 482, 490–91 (Ind.) ("One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all."), *decision clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007).

Accordingly, we must vacate Thompson's sentence and remand the case for resentencing. The rule of law announced in this case overruling *Mudra* and *Alloway* shall be applicable to the present case, those cases not finally resolved on direct appeal in which the defendant has raised the issue, and all future cases.

**V. Whether the District Court Erred by Imposing a Greater Sentence than Agreed to in the Plea Agreement.**

**A. Error Preservation.** The State contends Thompson waived his right to attack his guilty plea because he failed to file a motion in arrest of judgment after the court advised him of his right to do so. We disagree.

Our rules provide:

A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion shall be granted when upon the whole record no legal judgment can be pronounced.

Iowa R. Crim. P. 2.24(3)(*a*). A defendant must file a motion in arrest of judgment not later than forty-five days after the defendant's plea, "but in any case not later than five days before the date set for pronouncing judgment." *Id.* r. 2.24(3)(*b*). Generally, if the defendant fails to file a

motion in arrest of judgment, the defendant waives his right to challenge the guilty plea on appeal. *Id.* r. 2.24(3)(*a*). One of the purposes of a motion in arrest of judgment is to allow the defendant to challenge the guilty plea proceeding prior to sentencing. *State v. Birch,* 306 N.W.2d 781, 783 (Iowa 1981).

The rule has no applicability to a situation, as in this case, where the defendant does not know the deficiency in the plea proceeding until after sentencing. Prior to sentencing, the court did not tell Thompson that it was going to or not going to accept the plea agreement filed with the court. Factually, it was not until the actual sentence that Thompson became aware the court was not going to abide by the plea agreement. Up to that time, Thompson had no grounds to challenge the plea proceeding in district court. Consequently, Thompson can raise this issue on appeal without first filing a motion in arrest of judgment.

**B. Analysis.** The rules of criminal procedure state:

> If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon, if the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.

Iowa R. Crim. P. 2.10(2).

The rules also state:

> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

*Id.* r. 2.10(3).

Here the plea agreement was that the State would recommend a certain sentence upon Thompson's plea of guilty. Nowhere in the plea agreement did it state the agreement required the district court's concurrence. Factually, Thompson was aware the agreement did not have the district court's concurrence when he signed the petition to plead guilty and acknowledged "[t]he court is not bound by the agreement and may impose the maximum sentence as required by law."

Accordingly, neither the district court nor the State violated the plea agreement requiring the court to allow Thompson the opportunity to withdraw his plea before sentencing.

## VI. Disposition.

For the reasons stated in this opinion, we affirm in part and vacate in part the decision of the court of appeals, vacate Thompson's sentence, and remand the case to the district court for resentencing. Costs shall be assessed to the State.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**