# IN THE COURT OF APPEALS OF IOWA

No. 14-0351
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WAYNE DAVID LONES JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, Judge.


        Defendant appeals from the sentence imposed following his guilty plea to driving while his license was revoked.  **AFFIRMED.**


        David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, and Carlyle Dalen, County Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Wayne Lones pleaded guilty to driving while his license was revoked, in violation of Iowa Code section 321J.21 (2103). Sentencing for that offense was set concurrent with sentencing for another charge—operating while under the influence, third offense ("OWI"). For the offense of driving while revoked, the district court sentenced Lones to a term of incarceration not to exceed one year to run concurrent to his sentence for OWI. On appeal, Lones contends the district court's stated reasons for imposition of sentence related only to Lones' conviction for OWI and that the district court did not state reasons for imposition of the sentence for driving while revoked.

We conclude the district court provided sufficient reasons for imposition of the challenged sentence as part of an overall sentencing plan. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) ("'[I]t is apparent to us that the district court ordered the defendant to serve his sentences . . . as part of an overall sentencing plan.'" (citation omitted)); *State v. Bell*, No. 13-0902, 2014 WL 2342461, at *2 (Iowa Ct. App. May 29, 2014) (relying on *Hennings* and affirming imposition of sentences where there was "no explicit connection between [the court's] sentencing plan as a whole and its decision to impose the . . . sentence"); *but see Bell*, 2014 WL 2342461, at *3 (McDonald, J., dissenting) (reconciling *Hennings*); *State v. Gasaway*, No. 13-0458, 2014 WL 251906, at *3 (Iowa Ct. App. Jan. 23, 2014) (distinguishing *Hennings*); *State v. Scott*, No. 12-1531, 2013 WL 2146226, at *3 (Iowa Ct. App. May 15, 2013) (Danilson, J., concurring specially) (concluding *Hennings* is inconsistent with the Iowa Rules of Criminal

Procedure and prior cases). In reaching this conclusion, we rely in part on the written judgment and sentence, which provides the challenged sentence was imposed for "the protection of society and rehabilitation of Defendant." *See State v. Thompson*, ___ N.W.2d ___, ___, No. 13-1764, 2014 WL 7003808, at *3 (Iowa 2014) (stating the district court can satisfy Iowa Rule of Criminal Procedure 2.23(3)(d) by "by orally stating the reasons on the record or placing the reasons in the written sentencing order"). The sentence is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**