# IN THE COURT OF APPEALS OF IOWA

No. 15-1153
Filed February 10, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ROBERT EUGENE FERRELL,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Polk County, Kevin A. Parker,

District Associate Judge.


          A defendant appeals, claiming the sentencing court failed to provide

adequate reasons for the sentences it imposed. **AFFIRMED.**




          Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, and Kevin Cmelik and Mary A. Triick,

Assistant Attorneys General, for appellee.




          Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

In 2014, Robert Ferrell[1] was granted a deferred judgment for first-degree harassment and was placed on supervised probation for a year. Also in 2014, Ferrell was granted a second deferred judgment for third-degree theft and was placed on supervised probation for two years. In early 2015, a probation-violation report was filed in these cases. That report was later supplemented after Ferrell was arrested for second-degree harassment.

A combined hearing was held in the three cases. There, Ferrell entered a guilty plea to the second-degree-harassment charge and stipulated to violating his probation in the first-degree-harassment and theft cases. Ferrell agreed to proceed to sentencing, and the court sentenced Ferrell to one year in jail on the second-degree-harassment charge. On the record, the court explained to Ferrell it imposed this sentence "in order to protect the public, in order to rehabilitate you, based upon the recommendations of you and your attorney and the county attorney, based upon your previous criminal history." The court suspended that sentence and placed Ferrell on supervised probation for a year.

In the other two cases, the court revoked Ferrell's deferred judgments and sentenced him to prison for two years on each of the charges. The court suspended the prison sentences and placed Ferrell on supervised probation for two years and further ordered placement in the residential facility as a condition of probation. The court did not expressly state its reasons for imposing these sentences at the hearing.

---

[1] We note Ferrell's name appears in the record as both Robert Eugene Ferrell and Robert Eugene Ferrell Jr.

Thereafter, the court entered written orders in the cases, utilizing form orders. One section of the sentencing-form order provides:

On inquiry, no legal cause has been shown to prevent sentencing on this date. Defendant was given an opportunity to speak in mitigation of the sentence. The following sentence is based on all of the available **SENTENCING CONSIDERATIONS** set out in Iowa Code section 907.5. The court finds the following factors the most significant in determining this particular sentence:

☐ The nature and circumstances of the crime ☐ Statutory sentence requirements ☐ Victim impact statement
☐ Protection of the public from further offenses ☐ Defendant's statement ☐ Defendant's age and character
☐ Defendant's criminal history ☐ Defendant's mental health history ☐ Defendant's employment
☐ Defendant's substance abuse history ☐ Defendant's family circumstances ☐ The Plea Agreement
☐ Defendant's propensity for further criminal acts ☐ Maximum opportunity for rehabilitation ☐ ____

The probation-form order has the same fifteen checkboxes for the court to indicate the factors it found "significant in determining this particular sentence."

The court's sentencing order in the second-degree-harassment case had six boxes checked: The nature and circumstances of the crime, Protection of the public from further offenses, Defendant's criminal history, Defendant's propensity for further criminal acts, Defendant's statement, and Maximum opportunity for rehabilitation. In its probation order for the first-degree-harassment charge, the court checked three boxes: The nature and circumstances of the crime, Protection of the public from further offenses, and Defendant's criminal history. The court's probation order for the theft charge had two boxes checked: The nature and circumstances of the crime, and Protection of the public from further offenses.

Ferrell now appeals, arguing the sentencing court erred in failing to provide adequate reasons for the sentences it imposed. Ferrell contends the sentencing court, in utilizing form-boilerplate language,

> did not give sufficient reasons for the imposition of [his] sentences as required by Iowa Rule of Criminal Procedure 2.23(3)(d). The court simply cited to general sentencing factors and societal sentencing goals but did not tie them to its reasons for selecting the particular sentences. They constituted the vague and generalized

considerations that presumably inform all sentencing decisions and thus do not satisfy the requirements of the rule.

We disagree.

A sentencing court must state, on the record, its reason for selecting a particular sentence. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010) (citing Iowa R. Crim. P. 2.23(3)(d)). "A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010). Errors in sentencing, including assertions the sentencing court failed to state adequate reasons for the sentence, may be challenged on direct appeal even in the absence of an objection in the trial court. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). Our review is for an abuse of discretion. *Id.*

While efficiency cannot trump individualized determinations in a busy courtroom, the use of properly completed order forms is not prohibited. *See State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014). The supreme court in *Thompson* recognized:

> In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program. If the sentencing order does not have boxes similar to the ones in this case, the judge can use his or her word processor to insert the reasons for a particular sentence.

*Id.* at 921. We note the sentencing-order form under consideration in *Thompson* is identical to the sentencing-order form utilized by the sentencing court here. *See id.* at 918. Had there been some deficiency in the form, the supreme court

surely would have so noted.[2]  It did not and implicitly, if not explicitly, approved the use of the form.  *See id.* at 921.

Furthermore, the form's fourteen sentencing considerations do not apply to every defendant.  A sentencing judge, in checking the appropriate boxes from the provided array, can specifically articulate which reasons are applicable to a specific defendant.  We conclude the sentencing court's articulated reasons for Ferrell's imposed sentences were not just some vague and generalized considerations applicable to all sentencing decisions; the articulated reasons, albeit by standardized form, were specifically tailored to Ferrell's particular situation.

We find the court's stated reasons sufficient to meet the requirements of rule 2.23(3)(d) and find no abuse of discretion on the part of the sentencing court. We therefore affirm.

**AFFIRMED.**

---

[2] In *Thompson*, the sentencing court did not fill out the section of the sentencing-order form regarding reasons for the sentence—none of the relevant boxes were checked.  *See* 856 N.W.2d at 918.  Thompson's sentence was vacated and his case remanded for resentencing because there was no record of the court's sentencing reasons made at the hearing, and none were stated in the written order.  *See id.* at 921.