**IN THE COURT OF APPEALS OF IOWA**

No. 15-1018
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NATHAN LEVI STONE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


        Nathan Levi Stone appeals, claiming the district court failed to provide sufficient reasons for his sentence.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.



        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Nathan Levi Stone entered a written guilty plea to third-degree theft, an aggravated misdemeanor. In the plea document, Stone attested he would "go to incarceration." He waived his right to "speak to the Judge regarding punishment/sentencing," waived his right to a verbatim record of the proceedings, and agreed to immediate sentencing.

Using a form order, the district court sentenced Stone to a prison term not exceeding two years. The form listed fourteen "sentencing considerations" from which a judge could choose and a blank space to write in unenumerated sentencing considerations. The district court checked four boxes: "[t]he nature and circumstances of the crime," "[p]rotection of the public from further offenses," "[d]efendant's criminal history," and "[t]he plea agreement."

On appeal, Stone contends "the district court erred in failing to provide sufficient reasons for imposing a sentence of incarceration and for imposing consecutive sentences." Our review is for an abuse of discretion. *State v. Thompson*, 856 N.W.2d 915, 918 (2014).

Iowa Rule of Criminal Procedure 2.23(3)(d) "requires the judge to include in his or her sentencing order the reason for the sentence when the defendant waives the reporting of the sentencing hearing." *Thompson*, 856 N.W.2d at 920-21. A form sentencing order with boilerplate language attesting to the district court's consideration of all relevant factors is insufficient to satisfy the rule. *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015). But a judge "can use forms . . . to check the boxes indicating the reasons why a judge is imposing a certain sentence." *Thompson*, 856 N.W.2d at 921.

The court identified several reasons for the sentence, including the plea agreement. The agreement and its terms were included in the record. *See Thacker*, 862 N.W.2d at 410 (noting judge checked the box marked "Plea Bargain" but failed to include the terms of the plea agreement in the record). One of the terms was Stone's acceptance of incarceration as a sentencing option.

We discern no abuse of discretion in the district court's statement of reasons. Accordingly, we affirm Stone's sentence for third-degree theft.

**AFFIRMED.**