**IN THE COURT OF APPEALS OF IOWA**

No. 16-1082
Filed February 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PHILLIP GERALD HOXSEY**,
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.


        Defendant appeals his conviction and sentence for driving while barred.

**AFFIRMED.**



        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.



        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Phillip Hoxsey appeals his conviction and sentence for driving while barred. We find the district court adequately set out the reasons for the sentence in the sentencing order. We conclude the district court did not abuse its discretion in sentencing Hoxsey. We affirm the decision of the district court.

On July 11, 2015, Hoxsey was involved in a motor vehicle accident. In investigating the accident, officers determined Hoxsey had been driving while his driver's license was barred under Iowa Code section 321.556 (2015) because he was a habitual offender. Hoxsey was charged with driving while barred, in violation of section 321.561, an aggravated misdemeanor. Hoxsey signed a written guilty plea, stating, "I did operate a motor vehicle in Scott County, Iowa, while my license was barred by the D.O.T. as a habitual offender." The court accepted Hoxsey's written guilty plea.

A sentencing hearing was held on May 20, 2016. The parties agreed to waive reporting of the sentencing hearing, and thus, there is no transcript. The sentencing order states:

> On inquiry, no legal cause has been shown to prevent sentencing on this date. Defendant was given an opportunity to speak in mitigation of the sentence. The following sentence is based on all of the available sentencing considerations set out in Iowa Code Section 907.5. The Court finds the following factors the most significant to determine this particular sentence:
> The nature and circumstances of the crime
> Protection of the public from further offenses
> Defendant's criminal history, or lack thereof

Hoxsey was sentenced to 365 days in jail, with credit for time served, and all but 120 days were suspended, with Hoxsey then being placed on probation for one

year.  Hoxsey was ordered to pay $1219 in restitution to the victim of the motor vehicle accident, a fine of $625, attorney fees, costs, and surcharges.  Hoxsey appeals his conviction and sentence.

Hoxsey claims the district court abused its discretion in sentencing him. He states the court relied upon unacceptable boilerplate language and failed to consider the relevant sentencing factors.  Hoxsey states there is nothing in the sentencing order unique to him and claims the same language could apply to anyone convicted of driving while barred.

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion.  *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).  "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."  *Id*. at 553.  "In other words, the district court did not abuse its discretion if the evidence supports the sentence."  *Id*.

We determine this case is governed by *State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014), where the Iowa Supreme Court stated:

> We think the sounder interpretation of [Iowa Rule of Criminal Procedure] 2.23(3)(d) requires the judge to include in his or her sentencing order the reason for the sentence when the defendant waives the reporting of the sentencing hearing.  In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence.  If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program.  If the sentencing order does not have boxes similar to the ones in this case, the judge can use his or her word processor to insert the reasons for a particular sentence.

The court also stated, "if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing." *Thompson*, 856 N.W.2d at 921.

Under *Thompson*, a court may properly use a form or boilerplate language in a sentencing order to show why a certain sentence is being given. *See id.* Additional statements are necessary only if needed for further explanation of the court's reasoning. *Id.* We determine the district court adequately set out the reasons for Hoxsey's sentence in the sentencing order. The court gave three reasons for the sentence, (1) the nature and circumstances of the crime; (2) protection of the public from further offenses; and (3) Hoxsey's criminal history. We conclude no additional, individualized statements, were necessary to explain the court's reasoning for the particular sentence given in this case.

We find the district court did not abuse its discretion in sentencing Hoxsey. We affirm his conviction and sentence.

**AFFIRMED.**