# IN THE COURT OF APPEALS OF IOWA

No. 17-0901
Filed May 2, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**GARY LEE SMANIOTTO,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.

Gary Smaniotto appeals his sentence for possession of a controlled substance (methamphetamine), second offense. **AFFIRMED.**

Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Gary Smaniotto pled guilty to possession of a controlled substance (methamphetamine), second offense. *See* Iowa Code § 124.401(5) (2016). In his written petition to plead guilty to the aggravated misdemeanor, he waived his right to speak to a judge about punishment or sentencing and his right to have a verbatim record of the proceedings. The plea called for ninety days in jail, with credit for time served and dismissal of a second criminal count.

The district court adjudged Smaniotto guilty and sentenced him to jail for 120 days. Pursuant to the plea agreement, the court dismissed the second count.

Smaniotto moved to reconsider the sentence based on the health of a family member. The district court addressed the motion only after Smaniotto filed a notice of appeal.

On appeal, Smaniotto contends the court "abused its discretion by failing to consider factors in sentencing, by failing to provide reasons for rejecting the plea agreement . . . and by sentencing [him] to a period of incarceration greater than the joint recommendation of the parties." *See State v. Thompson*, 856 N.W.2d 915, 917 (Iowa 2014) (stating the district court "must give . . . reasons for the defendant's sentence either on the record at a hearing or in the written sentencing order" and setting forth standard of review). We disagree.

The court gave its reasons in a written sentencing order. Specifically, the court checked the following boxes on the sentencing form: "The nature and circumstances of the crime," "Protection of the public from further offenses," "Defendant's criminal history," "Defendant's substance abuse history," "Defendant's propensity for further criminal acts," "Maximum opportunity for

rehabilitation," and "The plea agreement." The statement of reasons was sufficient. *See id.* at 921 ("In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence."). Contrary to Smaniotto's assertion, the district court had no obligation to also explain why the ninety-day recommendation memorialized in the plea agreement was rejected. *See State v. Lloyd*, 530 N.W.2d 708, 713-14 (Iowa 1995) ("Generally, a sentencing court is not required to give its reasons for rejecting particular sentencing options.").

Notably, Smaniotto acknowledged the court was "not bound by the plea agreement and" could "impose the maximum sentence as allowed by law." *See Thompson*, 856 N.W.2d at 922. The plea agreement disclosed the maximum as "[i]mprisonment for not more than two years and/or a fine of not more than $6250." The district court's sentence fell well within this limit. We conclude the district court did not abuse its discretion in enumerating its reasons for imposition of the 120-day jail term.

Smaniotto also challenges the district court's post-appeal order. Because the order is outside our appeal record, we decline to review its propriety.

**AFFIRMED.**