# IN THE COURT OF APPEALS OF IOWA

No. 18-1861
Filed October 23, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ANTONYO MARTIN MACHADO,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Emily Dean, District Associate Judge.

Antonyo Machado appeals his plea of guilty to possession of a controlled substance, first offense.  **AFFIRMED.**

William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and and Doyle, JJ.

**BOWER, Chief Judge.**

Antonyo Machado appeals his plea of guilty to possession of a controlled substance, first offense, in violation of Iowa Code section 124.401(5) (2018).[1] The State contends we should not reach the merits of Machado's claims because he did not file a motion in arrest of judgment to preserve error as required. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Machado argues he has adequately preserved error and the district court abused its discretion in imposing sentence rather than deferring judgment.

On September 11, 2018, Machado signed a written plea of guilty, containing the following paragraphs:

2. By pleading guilty, I am asking the Court to accept my guilty plea. I am admitting there is a factual basis for the charge(s), and I admit at the time and place charged in the Trial Information I was in knowing possession of a controlled substance - specifically methamphetamine that was in a metal container in the pants pocket I was wearing. Am

. . . .

---

[1] The Iowa legislature amended Iowa Code sections 814.6 and 814.7, effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims. 2019 Iowa Acts ch. 140, §§ 28, 31 (to be codified at Iowa Code §§ 814.6–.7). The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," and therefore do not apply in this case. *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).



4. AM A plea agreement has been reached in my case: Deferred judgment. Civil Penalty $315.00, plus all related surcharges & court costs. Dismissal of all related simple/traffic offenses of (but for DUS) at my cost. (Plead to DUS for minimum fine). Court's acceptance of the plea agreement a condition of my guilty plea. AM

. . .

AM 10. If I claim there are any irregularities or errors in these plea proceedings, I must file a Motion in Arrest of Judgment not later than 45 days after this plea of guilty and not later than five days before the day of sentencing. Failure to do so will preclude my right to assert any defects in this plea in any appeal.

. . . .

AM I am waiving my right to file a Motion in Arrest of Judgment as described in #10 above, my right to wait 15 days for my sentencing and I wish to be sentenced today. I know of no legal cause why judgment should not be entered and there are no pending motions.

AM 9-11-18

It is unclear whether the handwritten line is intended as a strike out of the paragraph.

The district court entered an order accepting the plea that same date and scheduled a sentencing hearing.

At the September 28 sentencing hearing, the prosecutor stated:

> The State would just make a brief argument, Your Honor. The State would be requesting—pursuant to the plea agreement from the State's end—a jail sentence of thirty days in jail, all suspended except for five days, the minimum fine, two years of informal probation.
>
> The State would note that the substance in this matter was methamphetamine. It did return positive as methamphetamine from the state crime lab. Additionally, the State would note that the defendant does have a criminal record, albeit, it is fairly brief. It appears that he has a 2012 conviction for a theft fifth.
>
> But maybe the bigger one, at least in the State's eyes, that it appears the defendant has already been granted the benefit of a deferred judgment. The State would note it appears that was a 2011 felony forgery case. So with that in mind, the State would be resisting the issuance of another deferred judgment in this case and would ask the court to accept the State's recommendations.

Machado stated, "I'm willing to take the plea that the State gives me. I just want my deferred judgment so that way I can complete this and it will be off my record." His counsel requested deferred judgment, noting Machado's prior deferred judgment was seven years ago "so he is eligible to get a chance for one more."

The court declined to defer judgment and sentenced Machado to thirty days in jail, with all but five days suspended, two years of unsupervised probation, and a fine.

Machado appeals, asserting the court abused its discretion in failing to allow him to withdraw his plea when the court did not grant him a deferred judgment as stated in paragraph "4" of the written plea agreement.

An appellate court generally reviews a challenge to a guilty plea for corrections of errors at law. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Sentencing decisions are reviewed for an abuse of discretion. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018).

We must ask ourselves the question, "So what were the terms of the parties' plea agreement, if any, as to a sentencing recommendation?" *Macke*, 933 N.W.2d at 236. Our supreme court states, "The controlling terms . . . are those described on the record during the plea hearing[.]" *Id.* at 237.

We have no record of a plea hearing. However, at the sentencing hearing the prosecutor recommended a jail sentence "pursuant to the plea agreement from the State's end." Defense counsel did not disagree with that statement or assert different terms. "If [the prosecutor] misstated the terms of the plea agreement, [defense counsel] should have said so in open court." *Id.* (noting the State did not

object to defense counsel's description of the plea agreement or assert different terms and therefore was held to the terms described in open court).

The record before us does not show Machado's plea was conditioned upon the court granting Machado a deferred judgment. *See* Iowa R. Crim. P. 2.10(3), (4) (providing that when the plea agreement is conditioned upon the court's concurrence and the court rejects the plea agreement, the court is to allow the defendant an opportunity to withdraw his plea). Rather, the prosecutor described the plea agreement as allowing the State to make a sentencing recommendation, which it did. Thus, we conclude the court was not required to allow Machado to withdraw his plea.

As for the sentence imposed by the district court, we will reverse only "when an abuse of discretion occurs." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). An abuse of discretion occurs if the court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable. *Id.*

Here, the district court explained why it was not inclined to defer judgment,[2] and the reasons given were not untenable or unreasonable. Therefore, the district court did not abuse its sentencing discretion. We affirm.

**AFFIRMED.**

Doyle, J., concurs specially; Vaitheswaran, J. dissents.

---

[2] The court considered: "what's going to provide the maximum opportunity for rehabilitation of Mr. Machado, but at the same time protect the Burlington community from further offenses"; the State's recommendation; and Machado's age, work history, and request for deferred judgment. Based on the "nature of the offense itself, as well as the fact that Mr. Machado has previously had the benefit of a deferred judgment" the court "opt[ed] to deny the defendant's request for a second deferred judgment in this matter."

**DOYLE, J.** (concurring specially).

This paper plea is not a model of clarity. Judge Bower accurately sets out Machado's written plea of guilty. The document was signed by Machado and his counsel but lacked a signature line for the State and was not signed by the prosecutor. The date the document was originally signed is illegible. The date "9-11-18" appears next to Machado's initials where he crossed out two waiver paragraphs. Apparently, he changed his mind about these paragraphs after originally initialing them. The written plea of guilty was filed September 11, 2018. Filed on the same date and at the same time (presumably attached to the written plea—although it is impossible to tell with electronic filing) as a June 18, 2018 email from the assistant county attorney to Machado's counsel setting forth a plea offer. The offer states, "The State would offer the following for Mr. Machado: Parties will jointly recommend the following:"

"AM" are Machado's initials, and "CS" are the assistant county attorney's initials. Machado signed his name at the end of the document and dated it "9-11-18." Seemingly, Machado changed his mind about conditioning his plea upon the grant of a deferred judgment and by initialing and signing the State's plea offer agreed that at sentencing he could ask for a deferred judgment and that the State would

recommend jail time with two years' probation.[3]  And that is precisely what took place at the sentencing hearing—the prosecutor requested jail time and probation and resisted deferred judgment, while Machado's counsel argued for a deferred judgment.  So, based on the record before us, I agree with the majority that the record does not show Machado's plea was conditioned upon the court granting him a deferred judgment.  The court did not abuse its discretion in denying Machado a deferred judgment and in not allowing Machado a chance to withdraw his guilty plea.  I therefore concur with Judge Bower.

---

[3] The court accepted the paper plea without a hearing and set the matter for a sentencing hearing.

**VAITHESWARAN, J. (dissenting).**

I respectfully dissent.  I believe the plea was conditioned upon the court's concurrence and, when the district court declined to grant Machado a deferred judgment as set forth in the written plea of guilty, the court was obligated to afford Machado the opportunity to withdraw the plea.  *See* Iowa R. Crim. P. 2.10(3).