# IN THE COURT OF APPEALS OF IOWA

No. 18-1806
Filed December 18, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONNIE RAY THURMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

Donnie Ray Thurman appeals his sentence following a guilty plea to driving while barred as a habitual offender. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Donnie Ray Thurman with driving while barred as a habitual offender. *See* Iowa Code § 321.561 (2018). Thurman stipulated to the charge and requested a ten-week continuance to "get a valid driver's license or temporary restricted license *in that period of time*." In exchange, the State joined in Thurman's continuance request and agreed that if he appeared at the next scheduled court date with a valid license, the State would recommend dismissal of the charge. Thurman and the State also agreed that if Thurman pled guilty, "the parties [would] be free to argue for any legal sentence or disposition of this case." On the date the stipulation was filed, the district court continued the hearing "at the request of the defense." The court scheduled a pretrial conference for a date seven weeks into the future.

On the date of the conference, Thurman filed a petition to plead guilty to the charge. The district court accepted the plea and set the matter for sentencing. Following an unreported sentencing hearing, the court adjudged Thurman guilty and imposed a jail sentence of sixty days with credit for one day served. In support of the sentence, the court checked several boxes on a preprinted form, including the box for "maximum opportunity for rehabilitation."

On appeal, Thurman argues the court abused its discretion in failing to "adjust the sentence because" he failed to receive the ten-week continuance he requested to obtain a temporary license and because "the court did not address [his] rehabilitation . . . in a comprehensive manner." *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) (setting forth standard of review).

The State preliminarily responds by flagging "an issue with the underlying record." Specifically, the State notes that various statements of proceedings filed after sentencing to establish a record for the unreported sentencing hearing conflict with each other, and the district court did not resolve the conflict. *See* Iowa R. App. P. 6.806 (allowing a "statement of the proceedings" to be prepared "to create a record of a hearing or trial for which a transcript is unavailable" and providing the statement together with any objections are to be submitted to the district court "for settlement and approval"). We agree with the State.

Although the district court filed an order recounting the court's recollection of events, the conflicts between Thurman's statement of proceedings and the State's statement of proceedings were not resolved. Accordingly, we decline to rely on the statements of proceedings in deciding this appeal. *See In re D.L.*, No. 18-2014, 2019 WL 719187, at *3 n.4 (Iowa Ct. App. Feb. 20, 2019).

That said, the district court's sentencing order provides a sufficient record for determining whether the court abused its discretion in imposing sentence. As noted, the court checked several but not all the factors listed on the form order. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) ("In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence."). The court's selections evince an exercise of discretion, and we discern no abuse of discretion in the sentencing decision.

**AFFIRMED.**