# IN THE COURT OF APPEALS OF IOWA

No. 19-0085
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB A. BOOTHBY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor, Judge.

        Jacob Boothby appeals the sentence imposed upon his conviction for assault with intent to inflict serious injury. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and May and Greer, JJ. Tabor, J., takes no part.

**BOWER, Chief Judge.**

Jacob Boothby pleaded guilty to assault with intent to inflict serious injury. On appeal, he asserts the sentencing court improperly considered his failure to sign a release of information for mental-health and substance-abuse treatment.[1] Finding no abuse of discretion, we affirm the sentence.

Sentencing decisions are reviewed for abuse of discretion. *State v. Avalos Valez*, 934 N.W.2d 585, 588 (Iowa 2019). An abuse of discretion will only be found when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

Iowa law requires the sentencing court to take into account all pertinent information in order to select the sentencing option that provides "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community."[2] Iowa Code § 901.5 (2018).

---

[1] The State argues Boothby has no right to appeal his sentence based on the newly enacted amendments to Iowa Code section 814.6(1)(a) (2020). Because Boothby's appeal was pending before the effective date of the amendment—July 1, 2019—it is not applicable here. *See State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019).

[2] *Avalos Valez*, though not directly on point, provides guidance:

> Immigration status per se is not a relevant sentencing factor, but immigration status may impact an otherwise relevant sentencing factor and, to that extent, may be considered. Such a procedure does not violate due process or equal protection. To the contrary, it complies with Iowa law, which requires the court to take into account all pertinent information in order to select the sentencing option that provides "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community."

934 N.W.2d at 593 (citation omitted).

Here, the presentence investigation (PSI) report noted Boothby had several problematic incidents during his pretrial incarceration, he had been placed in segregation at least once, and an anti-depressant was being used to address his "outbursts and anxiety." Boothby had been ordered to obtain mental-health and substance-abuse evaluations. The PSI report also noted that during the last month of his pretrial incarceration, Boothby had refused taking his prescribed mental-health medication. The PSI report recommended incarceration.

The State sought a term of imprisonment and a five-year protective order for the victim of the offense.

The defense requested supervised probation. The defense noted Boothby had a history of mental-health issues and self-medication, which counsel argued should mitigate against imprisonment:

> He's got mental health and substance abuse issues that can be addressed in the community. His rehabilitation certainly can be addressed with the least restrictive means, which in this case wouldn't actually be the least restrictive because obviously with supervised probation, the court could put pretty strict rules on what Mr. Boothby would be doing while in the community.

With this back drop, our reading the court's statements concerning Boothby's refusal to sign releases of information for his mental-health and substance-abuse treatment is that the court was properly considering information relevant and pertinent to what sentence would be most appropriate. The court stated:

> What I consider about that is your thought processes and how you react to authority and how you react to the system, and that tells me whether you're a good candidate or not for probation, and there's a lot of things in this PSI that show me you're not, you've got an anger issue, clearly, that you're not taking care of.

. . . [Y]ou have an absolute right not to sign a release of information. However, when you don't do that, we can't program you. We can't provide you the substance abuse treatment you need. We can't provide you the mental health you need without those releases of information, and your response to the request not to do that and your decision not to do that is another thing that I consider as to whether you're [going to] be a good candidate for probation.

The court ultimately imposed a prison sentence but suspended that sentence:

I do, however, find good cause to suspend that sentence, and I'm going to place you on probation with some conditions, okay? . . . I'm going to order that you do give releases to the probation officer for your mental health treatment and for your substance abuse so we can get you the right treatment, and it might mean that you have to give us the medical stuff too so we can be sure we're getting you the right treatment so you're not in this position again.

Finding no abuse of the court's sentencing discretion, we affirm.

**AFFIRMED.**