# IN THE COURT OF APPEALS OF IOWA

No. 19-0324
Filed June 3, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER ANTHONY HOLTON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley, District Associate Judge.

Christopher Holton appeals his conviction and sentence for operating while under the influence, third offense. **REVERSED AND REMANDED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Christopher Holton appeals his conviction and sentence for operating while under the influence (OWI), third offense.  Holton contends the district court erred in not sentencing him in accordance with the plea agreement or affording him a chance to withdraw his plea.  Holton also claims his counsel provided ineffective assistance.  We find the court failed to either sentence Holton as provided in the plea agreement or reject the agreement and provide him the opportunity to withdraw from the plea.  We reverse and remand for further proceedings.

## I.  Background Fact & Proceedings

On October 14, 2018, Holton failed to maintain control of his vehicle and struck another vehicle.  He failed multiple field sobriety tests and was arrested.  On October 19, he was charged with OWI, third offense, and driving while license revoked.

On November 21, at the plea hearing, Holton entered a guilty plea pursuant to a plea agreement.  The plea agreement provided:

> The defendant would stand guilty and convicted of operating while intoxicated, third offense . . . .  He would be committed to the custody of the director of the adult corrections for a term not to exceed five years for assignment into the OWI continuum.  That sentence would be suspended and the defendant is committed to the Woodbury County Jail for a period of [thirty] days.  . . .  Count 2, driving while license revoked, . . . is dismissed.[1]

The court stated, "Sir, I'm not going to accept the plea agreement yet because we don't have a [presentence investigation report] done.  I want to see that before I

---

[1] This phrasing implies without stating the agreement relies on the court's concurrence to the sentence.  On remand, we encourage the parties to clarify whether the agreement requires the sentence stated or if it is an agreement to jointly recommend a sentence.

do, but if I were not to accept your plea agreement, then you can withdraw your plea of guilty at that point."

The court completed the plea colloquy on the offense of OWI and the prior convictions and Holton admitted the elements the crime.

The court found the defendant was voluntarily entering his guilty plea, understood the consequences of the plea, and that a factual basis for the plea existed "based on the defendant's admissions here today as well as my conversations with him."

The court then informed Holton of his right to file a motion in arrest of judgment. The court did not tell Holton that right extended not only to his plea but also to the colloquy used to enhance the OWI conviction.

The sentencing hearing was held on January 30, 2019. At sentencing, the court sentenced Holton to a five year term but—contrary to the plea agreement—did not suspend the sentence of incarceration. The court did not allow Holton the opportunity to withdraw his plea, which was contrary to the court's earlier advisory that "if I were not to accept your plea agreement, then you can withdraw your plea of guilty at that point."

Holton appeals.

## II. Plea Agreement

Holton claims the court erred in not sentencing him according to the plea agreement or allowing him to withdraw his guilty plea if the court did not concur in the plea agreement. We agree.

Under the Iowa Rules of Criminal Procedure, when the plea agreement is conditioned upon the court's concurrence and the court accepts it, the court must

"inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant." Iowa R. Crim. P. 2.10(3). If the court rejects or refuses to be bound by the plea agreement,

> the court *shall* inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Iowa R. Crim. P. 2.10(4) (emphasis added).

Here, the plea agreement included an agreed sentence to be imposed, requiring the court's concurrence. In the plea hearing, the court specifically reserved ruling on whether or not it would accept the plea agreement. Therefore, at the sentencing hearing the court had the obligation to either concur in the plea agreement and sentence Holton as provided (or in a more favorable manner) or inform the parties it rejected the plea agreement and provide Holton the opportunity to withdraw his plea.[2] The court did neither and actually referred to the plea agreement as supporting its sentence, which did not comply with the plea agreement.

"[B]ecause a plea agreement requires a defendant to waive fundamental rights, we are compelled to hold prosecutors and courts to the most meticulous

---

[2] The State claims error was not preserved on this claim because Holton did not file a motion in arrest or claim his counsel was ineffective by not filing such a motion. In *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014), our supreme court found the court rule on motion in arrest of judgment "has no applicability to a situation, as in this case, where the defendant does not know the deficiency in the plea proceeding until after sentencing." Accordingly, Holton could "raise this issue on appeal without first filing a motion in arrest of judgment." *Id.* at 921–22.

standards of both promise and performance." *State v. Macke*, 933 N.W.2d 226, 236 (Iowa 2019) (alteration in original) (citation omitted). The district court failed to inform Holton it did not concur with the sentence to be imposed pursuant to the plea agreement and did not allow Holton the opportunity to withdraw his plea. The court thus erred.

We reverse and remand for a new plea hearing in compliance with Iowa Rule of Criminal Procedure 2.10. Given our ruling, we need not address Holton's ineffective-assistance claim.

**REVERSED AND REMANDED.**