# IN THE COURT OF APPEALS OF IOWA

No. 22-1125
Filed March 8, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**TIMOTHY EDWARD VINCENT,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Ty Rogers, District Associate Judge.

A defendant appeals the sentence imposed on his conviction. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Timothy Vincent entered a written guilty plea to first-offense possession of methamphetamine, a serious misdemeanor.[1]  The plea agreement filed with the district court jointly recommended two days in jail with credit for time served; payment of a minimum fine, applicable surcharges, and court costs; and no probation.  In his written guilty plea, Vincent requested immediate sentencing, waived his presence and a formal record, and acknowledged that the court would not be bound by the plea agreement and could impose the maximum sentence authorized by law.  For the most part, the court adopted the plea agreement in its sentencing order, with the exception that Vincent was sentenced to thirty days in jail with all but two days suspended and placed on probation for twelve months.

Vincent appeals this sentence.[2]  While his one issue heading is labeled, "Sentence Was Overly Harsh," Vincent's only mention of that point in the body of his appellate brief is that he "was given a significantly harsher sentence than in the plea agreement."  *See State v. Gibbs*, 941 N.W.2d 888, 902 (Iowa 2020) (McDonald, J., concurring specially) ("The failure to make an argument in support of an issue constitutes waiver."); *see also* Iowa R. App. P. 6.903(2)(g)(3).  The rest of the brief challenges the reasons provided by the court for the sentence.  Vincent

---

[1] In a separate simple-misdemeanor case, Vincent pled guilty to violating a no-contact order.  While Vincent talks about the sentence imposed in that case in his appellate brief, nothing in the record shows that Vincent sought discretionary review of the final judgment of sentence of his simple misdemeanor conviction. *See* Iowa Code § 814.6(1)(a)(1), (2)(d) (2022).  So it is not properly before us on appeal.

[2] The State agrees Vincent has good cause to appeal following his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2021).

argues that because the sentencing order only provided "a generic reason" for the sentence imposed, the court did not comply with Iowa Rule of Criminal Procedure 2.23(3)(d).

Under this rule, a sentencing court "shall state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). When a defendant waives the reporting of the sentencing hearing, as Vincent did here, rule 2.23(3)(d) "requires the judge to include in his or her sentencing order the reason for the sentence." *State v. Thompson*, 856 N.W.2d 915, 920–21 (Iowa 2014). The template sentencing order used by the court first noted the court's consideration of "[t]he nature of the offense committed" and "[t]he plea agreement reached between the parties." It later stated the court also considered "the circumstances of the crime, the protection of the public from further offenses, the defendant's criminal history or lack thereof, and the negotiations of the parties, if any."

Zeroing in on the language "criminal history or lack thereof" and "negotiations of the parties, if any," Vincent argues the order "does not acknowledge whether or not [he] did or did not have any criminal history, and did not acknowledge whether or not there was a plea agreement." He submits that because no record was made, "an explanation was required" under *Thompson*. Because the court did not give one, Vincent argues the court's reasons were insufficient.

Vincent's reading of *Thompson* is selective. The supreme court also advised that, "[i]n this age of word processing, judges can" state their sentencing rationale through form language or check-the-box means. *Id.* at 921. If the form language "need[s] further explanation, the judge can do so by writing on the order

or adding to the order using a word processing program." *Id.* Consistent with "*Thompson*, a court may properly use a form or boilerplate language in a sentencing order to show why a certain sentence is being given. Additional statements are necessary only if needed for further explanation of the court's reasoning." *State v. Hoxsey*, No. 16-1082, 2017 WL 706354, at *2 (Iowa Ct. App. Feb. 22, 2017) (internal citation omitted).

While the court used form language to state that it considered Vincent's "criminal history or lack thereof" and "negotiations of the parties, if any," both were before the court as attachments to Vincent's written guilty plea.[3] *See State v. Edwards*, No. 17-1765, 2018 WL 3471615, at *2 (Iowa Ct. App. July 18, 2018) (finding court's noted consideration of "[d]efendant's criminal history, or lack thereof" provided "an adequate explanation for the sentence based upon the evidence"); *State v. Horton*, No. 15-2029, 2016 WL 7395741, at *1 (Iowa Ct. App. Dec. 21, 2016) (finding court's noted consideration of plea agreement in boilerplate fashion was sufficient reason for sentence where "[t]he agreement and its terms appeared in the record").

---

[3] The terms of the plea agreement, including the parties' joint sentencing recommendation, were included with Vincent's guilty plea, as was an "[a]ttached letter [that] confirms agreement." The attachment was an email between the prosecution and defense counsel stating those terms and noting the "limited" nature of Vincent's criminal history, "just consisting of an OWI and a Domestic."

On our review, we conclude the order provides an adequate explanation for the sentence based on the record before the court. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (noting sentencing courts need not explain how every factor was considered or not considered). We affirm the sentence imposed.

**AFFIRMED.**