# IN THE COURT OF APPEALS OF IOWA

No. 17-0028
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAMONT R. BUTLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

        Lamont Butler appeals from judgment and sentence entered upon his plea of guilty to failure to comply with sex offender registration, first offense. **AFFIRMED.**

        Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Lamont Butler appeals from judgment and sentence entered upon his written plea of guilty to failure to comply with sex-offender registration, first offense, in violation of Iowa Code section 692A.111 (2016), an aggravated misdemeanor.

Butler contends trial counsel was ineffective in allowing him to plead guilty because the plea was not knowingly and intelligently entered and counsel should have investigated Butler's competency. Butler states he cannot read and did not understand his written guilty plea. This record is inadequate to address Butler's ineffective-assistance-of-counsel claims, which we preserve for possible postconviction-relief proceedings. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Butler also contends the court provided inadequate reasons for the sentence imposed. "We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (quoting *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010)). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.*

The court must state its reason for imposing a particular sentence on the record. Iowa R. Crim. P. 2.23(3)(d); *Hill*, 878 N.W.2d at 273. The court's statement may be sufficient, even if "terse and succinct," so long as we are able to discern the court's exercise of its discretion. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

Here, the district court's written sentencing order explained the sentence was based on the "considerations set out in Iowa Code section 907.5," and that "the following factors [are] the most significant to determine this particular sentence"—"the nature and circumstances of the crime"; "protection from the public"; and "defendant's criminal history."[1]  While terse and succinct, we cannot say these reasons are insufficient to support a sentence within statutory limits. *See Thompson*, 856 N.W.2d at 921 (recognizing "[i]n this age of word processing, judges can use forms" and with their "word processor . . . insert the reasons for a particular sentence").  We therefore affirm.

**AFFIRMED.**

---

[1] The sentencing hearing was not reported, and we have no record of reasons stated orally by the court at sentencing.  However, we may rely upon the written sentencing order.  *See State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014) ("The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order.").