# IN THE COURT OF APPEALS OF IOWA

No. 17-1765
Filed July 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERIONA EDWARDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.


        Teriona Edwards appeals her conviction for driving while barred. **AFFIRMED.**



        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Teriona Edwards appeals her conviction for driving while barred, claiming the court made several sentencing errors. We find the court considered all required and relevant factors in making its sentencing determination and gave adequate explanation for the sentence, and evidence supports the sentence. We affirm.

On June 9, 2017, Edwards was stopped for speeding twelve over the limit in a fifty-five mile per hour speed zone. Upon review of Edwards's driver status, the deputy determined her driving privileges were barred and arrested her.

On August 22, Edwards signed a waiver of rights and guilty plea. Her plea was accepted on October 3, for driving while barred, in violation of Iowa Code sections 321.555 and 321.561 (2017); she requested immediate sentencing. The court sentenced Edwards to 270 days in jail, with 180 days suspended, and work release. The court suspended the fine, but imposed fees and costs up to $500, to be paid in installments of fifty dollars per month. Finally, the court ordered two years unsupervised probation.

Edwards asserts the court abused its discretion in sentencing by failing to consider all required and relevant factors. Edwards admits the sentence falls within the statutory limits, yet seeks remand for resentencing.

Challenges to sentences that are within the statutory limits are reviewed for an abuse of discretion. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). An appellate court does not second-guess the sentence chosen but examines the record and determines if the sentence was reached on untenable or unreasonable

grounds. *State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018). There is a strong presumption of proper discretion in sentencing decisions. *Id.* at 171. Furthermore, the burden is upon the defendant to show an abuse of discretion by the sentencing court. *Id.* If the evidence supports the sentence, there has been no abuse of discretion. *Id.* at 173.

During sentencing, the court considers a multitude of factors including the protection of the community, the rehabilitation of the offender, the crime itself, the surrounding circumstances, and the age and characteristics of the offender evidencing the likelihood of rehabilitation or repeat offense. *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). Additionally, prior to suspending a sentence, the court must consider an offender's criminal and sentencing history, familial situation, employment status, and any other pertinent factors relevant to the goals of sentencing. *Id.* at 725. The sentencing court need not explain how every factor was considered or not considered. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

A court is required to explain why the particular sentence imposed was chosen, but not why alternative sentences were rejected. *Crooks,* 911 N.W.2d at 171. Forms allowing the efficient administration of justice by reducing a sentencing explanation from a written statement to a checked box can be sufficient. *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). Relying upon cases dealing with consecutive sentencing and resentencing of juveniles once they become adults, Edwards contends there is a trend toward requiring more exacting sentencing explanations. If there is such a trend, it appears confined to those situations and

not applicable across the board.  In any regard, the explanation for Edwards's sentence was sufficient.

The form used in this case states the following:

> IT IS THE JUDGMENT AND SENTENCE OF THIS COURT, from all the facts and circumstance of this case . . . .  The Court determines that the following sentence will provide the maximum opportunity for rehabilitation of Defendant and will provide the maximum protection of the community from further offenses by Defendant.  This determination is based on the factors checked below:
> The nature and circumstances of the offense[.]
> Defendant's criminal history, or lack thereof[.]
> Statutory sentencing requirements[.]

The form shows the court considered all required and relevant factors and provides an adequate explanation for the sentence based upon the evidence.  The court did not abuse its discretion.

**AFFIRMED.**