# IN THE COURT OF APPEALS OF IOWA

No. 18-1599
Filed April 17, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SHANNON CHRISTOPHER TURNER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

Shannon Turner appeals his sentence after pleading guilty to operating while intoxicated and assault with intent to commit sexual abuse. **AFFIRMED.**

JohnPatrick Brown and Katherine Drummond of Winstein, Kavensky & Cunningham, LLC, Rock Island, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

On December 18, 2017, Shannon Turner drove a woman to her home while he was intoxicated. Upon arrival, Turner attempted to invite himself into the home, but the woman refused. According to the woman, he then tried to kiss her. He was able to forcefully undress her and pull his boxer shorts down around his knees. She pushed him away many times and repeatedly stated, "No," but Turner continued to attempt intercourse with her. The woman was able to discreetly call emergency services, and law enforcement intervened. Turner pled guilty to operating while intoxicated, in violation of Iowa Code section 321J.2(2)(b) (2017), and assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11(3).

The sentencing hearing was held on September 13, 2018. At the hearing, the State recommended incarceration based on the seriousness of the crime. It noted Turner's lack of criminal history but argued "when you hit it out of the ballpark in your first offense like in this case, the punishment needs to fit the crime." Next, Turner and his counsel presented many mitigating factors, including his lack of criminal history prior to this incident, his remorse, his willingness to pay any restitution to the victim, his family's dependence on him and his income, and the presentence investigation (PSI) report's recommendation of probation.[1]

In delivering the sentence, the district court stated,

> This is, in terms of criminal sentencing, somewhat of an individual and unique circumstance in that we have a crime of personal sexual assault against a person made by a Defendant who has a very minimum other criminal history.

---

[1] The PSI report was prepared on September 6. The report's recommendation was probation based on Turner's low likelihood of future violence and future victimization.

That being said, the assaultive crime in this matter . . . has been properly described by the victim as an attempt to sexually assault her, and that's perfectly accurate. But for the intervention of law enforcement, this could have been a much, much more serious criminal charge against the Defendant.

. . . The court has read the presentence investigation, is aware that the PSI recommends probation. The Court has heard the Defendant's request for a deferred judgment . . . .

However, based on the fact that this is a crime of violence, that it was a sexually predatory crime of violence, in order to protect the public, and also based on the Defendant's substance abuse history, his treatment options available, and also his family circumstances, the court believes that the recommendation for sentencing as set forth by the State is the appropriate sentence in this matter, that incarceration is called for because of this horrific event . . . .

The district court imposed a sentence not to exceed two years of incarceration for each offense, to run concurrently. He now appeals.

For sentences within the statutory limits, our review is for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)). Turner argues the district court abused its discretion and failed to consider all relevant factors and possible sentencing options when sentencing him.

At the sentencing hearing, the victim spoke about the incident and stated, "It doesn't matter whether [Turner] had been drinking or not. There is no excuse for [his] actions, and I do not deserve to be attacked and sexually assaulted. No always means no." She also indicated Turner took away her sense of safety and that she participates in weekly counseling sessions, necessitating taking time off from work and suffering financially. Turner also spoke at the hearing and

presented many mitigating factors, including his family's dependence on him and his lack of criminal history.

"After receiving and examining all pertinent information, including the presentence investigation report and victim impact statements, . . . the court shall consider the . . . sentencing options." Iowa Code § 901.5. While "[a] sentencing court has a duty to consider all the circumstances of a particular case," the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). When delivering its decision, the district court noted the sentence was appropriate "based on the fact that this is a crime of violence, that it was a sexually predatory crime of violence, in order to protect the public, and also based on [Turner's] substance abuse history, his treatment options available, and also his family circumstances." The district court did acknowledge both the PSI report's recommendation and Turner's lack of criminal history; however, it noted the "horrific event" could have escalated into a more serious crime had it not been for law enforcement's involvement. Based on the record and the district court's reasoning, we do not find the sentence was unreasonable. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (stating "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds"). Therefore, we find the district court did not abuse its discretion when sentencing Turner. *See Gordon*, 921 N.W.2d at 24.

**AFFIRMED.**