# IN THE COURT OF APPEALS OF IOWA

No. 18-0648
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALLEN WAYNE NAGLE,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.


        Allen Wayne Nagle appeals his sentence for burglary in the third degree.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal), and Martha J.

Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.


        Considered by Vogel, C.J., and Mullins and Bower, JJ.

**VOGEL, Chief Judge.**

Allen Wayne Nagle appeals his sentence for burglary in the third degree, after pleading guilty to burglarizing a business in Hamilton County. On March 21, 2018, the court sentenced him to a term of incarceration not to exceed five years, to run consecutively with the sentences imposed in two separate cases from Polk County. The court also imposed a fine and surcharges, waived court-appointed attorney fees due to his inability to pay, and ordered him to pay restitution and court costs.

When a sentence is within the statutory limits, we review the sentence for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)).

Nagle argues the court abused its discretion by ordering his sentence run consecutively with his sentences from two separate cases. The court must impose a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant." Iowa Code § 901.5 (2018). The court must state its reasons for the sentence on the record. Iowa R. Crim. P. 2.23(3)(d). In imposing Nagle's sentence, the court stated the factors it considered:

> Mr. Nagle, my goals with respect to sentencing are to provide for your rehabilitation, as well as protection of the community. In trying to achieve those goals, to the extent these details have been made known to me, I have taken into account the recommendations of the parties; your age; your employment history and circumstances and prospects; your educational background; your family circumstances and history; your criminal history; your demeanor here at this

hearing; any substance abuse issues and needs you may have; any mental health issues and needs you may have; the nature of the offense and facts and circumstances surrounding it; and the other information presented here at this hearing, including the information contained in the presentence investigation report.

In its written sentencing order, the court again stated it considered these factors. During the hearing, the court also said, "I have considered all those factors I mentioned before, whether I went into detail about them or not with the goals of rehabilitation and protection of the community in mind." Regarding the consecutive sentence, the court said:

> I do not believe concurrent sentences are appropriate under these circumstances. The claim that this crime occurred at a similar period of time when committing other crimes is not a very persuasive reason for me to impose concurrent sentences. Rather, I think there are compelling reasons to impose consecutive sentences, and those include the separate and distinct nature of these crimes in relation to the Polk County crimes to which this sentence is being run consecutively that occurred in separate locations and separate victims and deserve separate punishment. Additionally, your extensive criminal history warrants consecutive sentences, and consecutive sentences are appropriate as part of the overall sentencing plan designed to provide for your rehabilitation and protection of the community.

We find no abuse of discretion in the court's decision to run his sentence consecutively. Nagle asserts the court viewed his criminal record as "the single determinative factor for the imposition of a consecutive sentence." However, a review of the transcript of the sentencing hearing and the written sentencing order shows the court properly considered other relevant factors, including his age, mental health, and the "separate and distinct nature" of the crimes in Polk County. *See State v. Boltz,* 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.").

Next, Nagle argues the court abused its discretion by imposing a fine instead of suspending it. At sentencing, the court said:

> In terms of your requesting to dismiss the fines and surcharge, I don't believe I have the authority to do that without placing you on probation, and I do not find probation to be appropriate. To the extent I do have the right to suspend those without probation, I decline to do so because I do not believe it would be appropriate in light of the goals that we are trying to accomplish here.

Nagle asserts the court had discretion to suspend his fine, and we agree. *See State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995) ("The trial court has authority to defer judgment, defer sentence, or suspend sentence. This authority includes the authority to defer or suspend a fine."). However, the court's full statement shows that, even considering its authority to suspend the fine, the court declined to suspend his fine for the same reasons it declined to impose supervised probation. We find the court exercised but did not abuse its discretion in imposing the fine.

Finding no abuse of discretion in running his sentence consecutively or in declining to suspend the fine, we affirm his sentence.

**AFFIRMED.**