# IN THE COURT OF APPEALS OF IOWA

No. 19-0421
Filed February 5, 2020

**DAVONUS DANTE SMART,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Davonus Smart appeals from the sentence imposed upon his conviction for possession of a controlled substance (marijuana), third offense. **AFFIRMED.**

Justin R. Wyatt of Woods, Wyatt & Tucker, PLLC, Glenwood, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Davonus Smart pleaded guilty to possession of a controlled substance (marijuana), third or subsequent offense, in violation of Iowa Code section 124.401(5) (2017).  The court imposed a two-year term of incarceration—which was suspended—informal probation for two years, a $625 fine, a thirty-five percent surcharge, and $125 for a law enforcement initiative surcharge.[1]

On appeal,[2] Smart argues the court abused its discretion by imposing the minimum fine and that his written guilty plea with unidentified written notations on it should be set aside.[3]

When "the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown."  *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted).  In *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014), our supreme court held, "[I]f the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing."

---

[1] Neither the acceptance of the plea nor sentencing involve a recorded hearing.  Thus, our record is limited to the filed documents.

[2] The State argues Smart has no right to appeal from his plea of guilty based on the newly-enacted amendments to Iowa Code section 814.6(1)(a) (2019) (eliminating a defendant's right to appeal from a guilty plea unless the defendant is convicted of a class "A" felony or establishes good cause).  Because Smart's appeal was pending before the effective date of the amendment—July 1, 2019—it is not applicable here.  *State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019).

[3] The written guilty plea notes a minimum fine of $625 fine; Smart objects to the word "imposed" and initials "JLW" that appears in pen next to the number.  Smart contends the initials do not correspond to any involved individual.  The State asserts the assistant county attorney on the case was Jeremy L. Westendorf, whose initials are J.L.W.

Smart argues that because the court did not explicitly acknowledge it had the discretion to suspend the fine, we should assume it did not know it had the discretion to waive the fine, and we must vacate the sentence and remand for resentencing.

The sentencing order provides:

**Fine:** The defendant shall pay court costs.

Count 1, fine of $625 plus 35% surcharge ☐suspended ☑imposed, ☐DARE fee of $10 ☑LEI $125.

. . . .

Reasons for sentence:

Nature of offense
Plea agreement

The district court's sentence is cloaked with a strong presumption in its favor, and we will not reverse its sentence absent an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The State argues the sentencing form itself contradicts Smart's assertion—because the form had check boxes for either suspending or imposing the fine, the court's checking of the box to impose the fine indicates the court exercised its discretion. We conclude Smart has failed to meet his burden to overcome the presumption of regularity here, and we therefore affirm.[4]

**AFFIRMED.**

---

[4] We have considered Smart's alternative argument that the district court erred by "[a]ccepting" an "altered" written guilty plea. Smart failed to file a motion in arrest of judgment and, consequently, he has failed to preserve error on this issue. *See* Iowa R. Crim. P. 2.24(3)(a). We decline to reach the merits of this argument.