# IN THE COURT OF APPEALS OF IOWA

No. 20-0798
Filed March 17, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ANTONIO MIKHAL JOHNSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, John M. Wright, Judge.

Antonio Mikhal Johnson appeals his sentence for assault with intent to commit sexual abuse causing bodily injury as a habitual offender and assault on a correctional officer causing bodily injury.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Antonio Mikhal Johnson appeals the sentences imposed following *Alford* pleas to assault with intent to commit sexual abuse causing bodily injury as a habitual offender and assault on a correctional officer causing bodily injury.[1] Johnson's sole claim on appeal is the district court did not state sufficient reasons for ordering his sentences run consecutively rather than concurrently. We find no abuse of discretion by the district court. Accordingly, we affirm.

## I.    Background Facts & Proceedings

At all relevant times to this appeal, Johnson was an inmate at a state penitentiary in Iowa. On March 29, 2019, around 4:30 p.m., Johnson, at his request, met with a staff psychologist. At a point in the meeting, Johnson lunged at the psychologist, pushed her into a wall, placed her in a chokehold, and slammed her to the ground. Johnson shut off the lights to the office and attempted to place a rag in the psychologist's mouth. He also attempted to remove the psychologist's pants. A correctional officer heard the commotion and entered the office to render assistance. Johnson struck the intervening correctional officer several times. The psychologist was able to exit her office to seek additional help. Responding staff members were able to restrain Johnson.

The State charged Johnson with eleven crimes: assault with intent to commit sexual abuse causing bodily injury, a class D felony; kidnapping in the third degree, a class C felony; two counts of assault on correctional staff, aggravated

---

[1] An *Alford* plea allows the defendant to consent to imposition of a sentence without admitting their participation in the acts constituting the crime. *See Alford v. North Carolina*, 400 U.S. 25, 37 (1970).

misdemeanors; and seven counts of harassment in the first degree, aggravated misdemeanors. Additionally, the State charged Johnson under the habitual offender sentencing enhancement pursuant to Iowa Code sections 902.8 and 902.9 (2019), due to Johnson's previous convictions in Johnson County and Henry County in 2008 and 2010.

The State and Johnson entered into a plea agreement following the State's dismissal of the kidnapping charge and the State's amendment to the trial information to include a sexual predator enhancement. Johnson entered *Alford* pleas to the crimes of assault with intent to commit sexual abuse causing bodily injury as a habitual offender and assault of a correctional officer causing bodily injury.[2] Both parties were free to make sentencing recommendations to the court at the sentencing hearing held on May 8, 2020. On count I, the court ordered Johnson to serve an indeterminate term of incarceration not to exceed fifteen years. The court also ordered a special sentence of ten years following completion of Johnson's current sentence under section 903B.2.[3] Johnson was also ordered to register as a sex offender under chapter 692A. On count II, the court ordered Johnson serve an indeterminate period of incarceration not to exceed two years. While the State and the defendant recommended the sentences run concurrently, the court ordered the sentences be served consecutively.

---

[2]Johnson entered a plea to assault on a correctional *officer* rather than assault on correctional *staff*. Johnson does not raise any issue concerning this on appeal.
[3] At the time of the imposition of the instant special sentence, Johnson was already required to serve a lifetime special sentence for a previous conviction.

## II.     Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion.  *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).  "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."  *Id.* at 553 (citation omitted).  "In other words, the district court did not abuse its discretion if the evidence supports the sentence."  *Id.*

## III.    Analysis

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'"  *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).  "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'"  *Id.* (quoting *Formaro*, 638 N.W.2d at 725).

Johnson alleges the district court abused its discretion because it failed "to provide adequate reasons for the imposition of the consecutive sentence." Johnson's alleged abuse of discretion is partially founded on the State and the defendant's recommendation for concurrent sentences.

There are two reasons a court is to clearly state the justifications behind the sentence to be imposed on a defendant.  First, under Iowa Rule of Criminal Procedure 2.23(3)(d), a court must "state on the record its reason for selecting the particular sentence" to make defendants aware of the result of their criminal

actions. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The second reason is to allow a reviewing court insight into the sentencing court's discretion. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). The statement of reasons may be "terse and succinct" as long as the statement's brevity "does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). Accordingly, our supreme court has stated sentences based on factors like "protection of the community, the seriousness of the crime, and the nature and circumstances of the offense" demonstrate sufficient consideration. *Hill*, 878 N.W.2d at 274.

The court stated the following at Johnson's sentencing hearing:

> The following sentences are based upon my judgment of what will provide the maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
>     Specifically, I've considered the entire Presentence Investigation Report with the objections that were made by both parties. Specifically, I do not take into consideration the recommendation concerning the supervision portion that you object to.
>     I also take into consideration you're thirty-four years old. You are not a youthful offender. I take into consideration your criminal history of convictions. This includes the two felonies that you've admitted to. And I take into consideration this crime was committed while you were incarcerated in prison.
>     You have no high school education or GED. You currently have no source of income. You have no family in the area who would assist you in any rehabilitative efforts. And there have been multiple efforts at rehabilitation in the past.
>     I also take into consideration the seriousness of this offense, or these offenses. And I take into consideration the statements made by the attorneys here today, the statement made by you, and the statement made by the victim in this case.

The district court then addressed the issue of concurrent versus consecutive sentences, stating, "Pursuant to this court's discretion, the sentences

just imposed shall run consecutive to each other. The reasons for this are as follows: the seriousness of these offenses and the history of criminal convictions." While the court's stated reasons were succinct, "the brevity of the court's statement does not prevent [our] review of the trial court's sentencing discretion." *Thacker*, 862 N.W.2d at 408 (citation omitted). Here, we can tell the court understood its discretion to impose consecutive or concurrent sentences. *Cf. Hill*, 878 N.W.2d at 274 (reversing the sentence imposed when the record did not allow the reviewing court to determine whether the sentencing court understood its discretion to impose concurrent or consecutive sentences). In addition, there is no issue with the court relying on the same reasons to both sentence Johnson to terms of incarceration and impose consecutive sentences. *See id.* at 275 ("Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration."). Finding no abuse of discretion, we affirm the district court.

**AFFIRMED.**