# IN THE COURT OF APPEALS OF IOWA

No. 20-0820
Filed April 28, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW GRAY CAULKER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

        A defendant appeals his sentence following guilty pleas to two controlled

substance charges.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Andrew Gray Caulker appeals his sentence on two counts of possession of a controlled substance with intent to deliver as part of a plea agreement adopted by the district court. Caulker argues the district court abused its discretion by imposing a prison sentence on each charge. We find the district court did not abuse its discretion in sentencing Caulker to a term of imprisonment on each charge. The court did not rely on clearly untenable or unreasonable grounds for the sentence, and accordingly, we affirm the district court.

**I. Background Facts & Proceedings.**

Caulker was charged with count I, possession of a controlled substance with intent to deliver (methamphetamine) (second or subsequent offense), in violation of Iowa Code section 123.301(1)(b)(7) (2019); count II, possession of a controlled substance with intent to deliver (marijuana) (second or subsequent offense), in violation of section 124.401(1)(d); counts III and IV, failure to possess a tax stamp, in violation of sections 453B.3 and 453B.12; and count V, possession of a controlled substance (cocaine), in violation of section 124.401(5).

Caulker entered into a written plea agreement in which he agreed to plead guilty to lesser-included offenses of counts I and II, as originally charged, both as second or subsequent offenses, with the State dismissing the remaining charges. The plea agreement provided the parties were free to argue any recommendation at the time of sentencing.[1] The district court accepted Caulker's guilty pleas. The

---

[1] The plea agreement signed by the defendant and defense counsel indicated the minimum term of incarceration for count I was ten years without the enhancement and thirty years with the enhancement.

State recommended Caulker be ordered to serve a thirty-year prison sentence on the lesser-included offense of count I and a fifteen-year prison sentence on count II, to be served concurrently to each other but consecutively to an unrelated probation revocation matter, for a total term not to exceed thirty-five years in prison. Caulker's attorney recommended the imposition of a ten-year prison sentence on the lesser included offense of count I and a five-year prison sentence on count II, to be suspended and run concurrently to each other but consecutively to the unrelated probation revocation matter, for a total suspended sentence of fifteen years.

At the sentencing hearing, the district court imposed a sentence that mirrored the State's recommendation. After the hearing, the district court entered a nunc pro tunc order, which amended the original sentencing order, confirming that probation was denied and that Caulker was committed to the custody of the Iowa Department of Corrections. Caulker appeals.[2]

**II. Standard of Review.**

We review a district court's sentencing decision for the correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* We will not find an abuse of discretion "unless we are able to discern that the decision was exercised on grounds or for reasons that

---

[2] Caulker appeals from a judgment of conviction that was entered after July 1, 2019, and following his guilty plea. Iowa Code section 814.6(1)(a)(3) therefore applies, and Caulker is required to establish "good cause" for the appeal. Good cause is established here because Caulker "challenges [his] sentence rather than the guilty plea." *See State v. Damme*, 944 N.W.2d 98, 103–05 (Iowa 2020).

were clearly untenable or unreasonable." *Id.* Where a challenged sentence falls within the statutory parameters, this court presumes it valid and only overturns for an abuse of discretion or reliance on inappropriate factors. *State v. Hopkins*, 860 N.W. 2d 550, 554 (Iowa 2015).

**III. Discussion.**

Caulker argues the district court did not provide adequate reasoning for his sentence. He argues the court failed to consider his individual circumstances and merely used boilerplate language in determining his sentence.

Under Iowa Rule of Criminal Procedure 2.23(3)(d), a court must "state on the record its reason for selecting the particular sentence." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "This requirement ensures defendants are well aware of the consequences of their criminal actions." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). "Most importantly, the sentence statement affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* "The district court may satisfy this requirement either by stating its reasons orally on the record or by including such in its written sentencing order." *State v. Eberle*, No. 19-0604, 2020 WL 824180, at *2 (Iowa Ct. App. Feb. 19, 2020) (citing *Thompson*, 856 N.W.2d at 919). "[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 962 N.W.2d 402, 408 (Iowa 2014) (citation omitted).

"When the reasons for a particular sentence have not been stated on the record, however, we have vacated the sentence and remanded the case to the district court for resentencing." *Id.* Caulker claims the court improperly used

boilerplate language in giving the reasons for his sentence. "[B]oilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)." *Id.* at 410.

In the instant sentencing hearing, the court stated,

> Sir, the court has considered all the sentencing options provided for in the Iowa Code, and the court's judgment relative to sentence is based upon what would provide maximum opportunity for your rehabilitation and at the same time protecting the community from further offenses.
> The court has considered your age, your prior record of conviction, your mental health and substance abuse history, as well as your treatment options that are available, the nature of the offense committed, and the statutory requirements.

The court noted the factors it found pertinent to imposing a sentence of incarceration, including Caulker's criminal record and his mental-health and substance-abuse history.[3] Moreover, the PSI highlighted Caulker's extensive juvenile and adult criminal history dating back to age twelve, that Caulker was on probation when he committed these offenses, and Caulker had only minimal success in complying with community-based services he had received in the past. The PSI ultimately recommended incarceration based on these factors. Overall, the statements made by the district court are sufficient, as they "do not prevent review of the exercise of the trial court's sentencing discretion." *See id.* at 408 (citation omitted).

In addition, the record indicates the court adequately considered Caulker's personal situation when it imposed his prison sentences. Not only did the court

---

[3] The district court's sentencing order reflected that the court had received and studied the presentence investigation report (PSI) and afforded counsel an opportunity to examine the report. At the hearing, both attorneys acknowledged receipt of the PSI, with no additions, corrections, or deletions.

consider his age, prior criminal history, mental-health and substance-abuse history, but it also considered the treatment options available to Caulker. Caulker indicated at the sentencing hearing that he had a "plan of success," which included going back to college and mentoring young people. After announcing Caulker's sentence, the district court stated:

> Sir, I hope that you take advantage of the hard work that you've done and the plan that you've put in place while you were in custody.
> I hope you take advantage of that programming, and I hope that when you are released from custody you do work and go back to college and serve as a mentor for young people.

By considering these factors and the district court's on-the-record statements, it is clear the court was directly considering Caulker's personal history, and, accordingly, we reject Caulker's argument concerning the sentencing order.

In addition to his argument concerning the adequacy of the reasons for the sentences, Caulker claims the district court failed to consider whether it had the discretion to enhance his sentence using the "second or subsequent offense" enhancement. He asserts the court "failed to realize that the sentences on each charge [were] not required to be enhanced pursuant to [Iowa Code] section 124.411(1)."

Here, the record shows the district court was aware of the options available to it under Iowa Code section 124.411(1). The district court explicitly stated it "has considered all the sentencing options provided for in the Iowa Code." The district court is not required to mention the enhancement provision in order to affirmatively show the court was aware of it. *See State v. Gilden*, No. 20-0256, 2020 WL 7021789, at *1–2 (Iowa Ct. App. Nov. 30, 2020). Further, the court is only required

to state its reasons on the record for imposing a particular sentence.  Iowa R. Crim. P. 2.23(3)(d).  The district court complied with the required mandates.

While Caulker may disagree with his sentences, his "mere disagreement is, without more, insufficient to establish an abuse of discretion."  *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).  The district court did not fail to consider the available options and explained why it selected the sentence imposed.  The court, therefore, did not abuse its discretion.

**IV. Disposition.**

For these reasons, we affirm Caulker's sentence.

**AFFIRMED.**