# IN THE COURT OF APPEALS OF IOWA

No. 20-0803
Filed June 16, 2021

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**DUSTIN EUGENE VELD,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Dustin Veld appeals his sentences imposed following convictions for aggravated misdemeanor child endangerment and fourth-degree criminal mischief. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by May, P.J., Schumacher, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCHUMACHER, Judge.**

Dustin Eugene Veld appeals the sentences imposed following his convictions for aggravated-misdemeanor child endangerment and fourth-degree criminal mischief. Veld claims the district court abused its discretion in failing to provide adequate reasons for the imposition of the sentences. We find no abuse of discretion by the district court. Accordingly, we affirm.

## I.     Background Facts & Proceedings

On August 9, 2019, Veld arrived at the home of his former girlfriend, who is the mother to Veld's toddler son. Veld's appearance at the home was for the purpose of returning the child to the child's mother. A heated argument erupted between Veld and the child's mother. During the course of the argument, Veld sped off with the child still in Veld's van. The rear sliding door to Veld's van was open, and Veld's young son was seated in his child seat, unbuckled.[1] After driving around the block, Veld returned to the residence, and the child's mother was able to remove the child from the vehicle. Veld then drove away from the residence, striking two vehicles and three pedestrians, including the child's mother. The pedestrians sustained minor injuries, and the vehicles sustained an estimated $300–$750 of damage.

The State charged Veld with five counts: one count of child endangerment, an aggravated misdemeanor, in violation of Iowa Code section 726.6 (2019); three counts of assault by use of a dangerous weapon, aggravated misdemeanors, in

---

[1] The child has a diagnosis of cerebral palsy.

violation of section 708.2(3); and fourth-degree criminal mischief, a serious misdemeanor, in violation of section 716.6.

The State and Veld entered into a plea agreement in which Veld agreed to plead guilty to the charges of child endangerment, criminal mischief, and one count of assault by use of a dangerous weapon. The two additional charges of assault by use of a dangerous weapon were amended to simple misdemeanor assault, and Veld entered pleas of guilty to both amended charges.

At sentencing, the district court granted a deferred judgment on the charge of assault by use of a dangerous weapon. The district court entered convictions and sentenced Veld to a term of imprisonment not to exceed two years for the child endangerment conviction, a one-year jail term for the fourth-degree criminal mischief conviction, and ten-day jail terms for both simple misdemeanor assault convictions. The court suspended all of Veld's sentences and placed him on supervised probation for two years. The court ordered the sentences to run concurrently. On appeal, Veld does not contest the sentencing as such relates to the simple misdemeanor assaults or the deferred judgment granted for assault by use of a dangerous weapon. Veld's sole argument on appeal is that the district court failed to state sufficient reasoning for the sentences imposed for the child endangerment conviction and criminal mischief conviction.

## II.     Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). When the sentence imposed by the district court is within the statutory limits, it "is cloaked with a strong presumption in its favor." *State v.*

*Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

**III.     Analysis**

Before examining the merits of Veld's claim, we must first briefly examine whether he is entitled to bring an appeal following his pleas of guilty. Under Iowa Code section 814.6(1)(a)(3), a defendant must have "good cause" to appeal sentencing arising from a guilty plea. "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Veld is appealing his sentence, we find he has good cause to bring the appeal.

Under Iowa Rule of Criminal Procedure 2.23(3)(d), a court must "state on the record its reason for selecting the particular sentence." There are two reasons behind this rule. First, it makes defendants aware of the result of their criminal actions. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). Second, and more importantly, it "affords our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

Regarding Veld's conduct in relation to the criminal charges, the court stated the following at Veld's sentencing hearing:

> The facts and circumstances of this case are, of course, aggravating, as even Mr. Veld has acknowledged. He drove a motor vehicle very recklessly. It was a van, as I understand it, with a door left ajar. The defendant's young child in a car seat inside that vehicle. There is some indication in the court records that the child suffers from a disability. The defendant struck another vehicle intentionally.

The defendant then assaulted two individuals. He displayed very erratic behavior.

When specifically discussing whether to defer judgment on Veld's convictions, the court stated:

> The court is presented with, essentially, two differing recommendations. Mr. Veld wants to have the court defer judgment on all counts. The State has consented to do deferral of judgment with respect to count II, the aggravated assault, at the request of [the child's mother].
>
> The court, in considering whether a person should receive a deferred judgment, of course, looks at various factors including the person's age. As noted, Mr. Veld is 27 years of age. He does have some prior involvement with the criminal justice system, so this isn't a first offense for him. And as noted, there are multiple victims associated with this event. The behavior was reckless, to say the least, dangerous and erratic. And fortunately, wasn't a lot worse than it was.

The court previously noted Veld's criminal record, stating:

> The defendant does have some prior involvement with the criminal justice system, including some traffic offenses, it looks like an operating while intoxicated conviction, and a third degree harassment conviction, in—it looks like 2017.

The sentencing court concluded by stating, "[T]he court believes that in light of the factors *earlier stated*, his prior involvements with the criminal justice system, age, and the circumstances surrounding these cases, that a deferral of judgment is not appropriate for all counts." (Emphasis added.) The written sentencing order set forth reasons for the sentence as the defendant's age, prior criminal history, attitude toward rehabilitation, facts and circumstances of the case, family and employment circumstances, need for protection of the community, and deterrent impact upon the defendant and others similarly situated.

In this record, the reasons for the exercise of discretion "are obvious in the light of the statement and the record before the court." *See State v. Thacker*, 862 N.W.2d 402 (Iowa 2015) (citations omitted). Finding no abuse of discretion, we affirm the district court.

**AFFIRMED.**