# IN THE COURT OF APPEALS OF IOWA

No. 20-0131
Filed September 1, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT EUGENE MASON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Christopher Kemp, District Associate Judge.

Defendant appeals his conviction for operating while intoxicated, third offense. **AFFIRMED.**

Joseph C. Glazebrook of Law Offices of Joseph C. Glazebrook, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Robert Mason appeals his conviction for operating while intoxicated (OWI), third offense. Mason cannot raise his claims of ineffective assistance of counsel in this direct appeal; such claims must be raised in postconviction-relief proceedings. The court did not abuse its discretion by sentencing Mason to a term of imprisonment rather than placing him on probation. We affirm Mason's conviction.

## I. Background Facts & Proceedings

On July 15, 2019, Mason was charged with OWI, third offense, in violation of Iowa Code section 321J.2 (2019); driving while barred as a habitual offender, in violation of section 321.561; and driving while license revoked under chapter 321J, in violation of section 321J.21. He entered into a written plea agreement in which he agreed to plead guilty to OWI, third offense, and the State agreed to dismiss the other two charges. The parties were free to argue for any lawful sentence. The court accepted Mason's guilty plea.

At the sentencing hearing, the State recommended imprisonment for a period not to exceed five years. Mason asked to be sentenced to thirty days in jail and then be placed on probation. The court sentenced Mason to a term of imprisonment not to exceed five years. The court noted Mason had not been successful on probation in the past. Also, the instant OWI conviction occurred within a short period of time after his last OWI conviction. Mason appeals his conviction.

## II.     Ineffective Assistance

Mason claims he received ineffective assistance because defense counsel did not file a motion in arrest of judgment.  He asserts that there was an inadequate factual basis for his plea to OWI, third offense.

The State responded that section 814.7 (Supp. 2019) prohibited Mason from making a claim of ineffective assistance of counsel on direct appeal.  Section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822.  The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

We conclude that based on section 814.7, Mason cannot raise his claims of ineffective assistance of counsel in this direct appeal.  *See State v. Treptow*, 960 N.W.2d 98, 106–07 (Iowa 2021).  Such claims must be raised in postconviction-relief proceedings.  *See* Iowa Code § 814.7; *State v. Watson*, No. 20-1333, 2021 WL 2452049, at *3 (Iowa Ct. App. June 16, 2021).

## III.    Sentencing

Mason contends the court abused its discretion by sentencing him to prison.[1]  He states that it would be more beneficial for him to participate in

---

[1] Under Iowa Code section 814.6(1)(a)(3), direct appeal as a matter of right is prohibited where the defendant has pled guilty except where good cause is established or when the defendant pled guilty to a class "A" felony.  There is good cause to "appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."  *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).  In discussing *Damme*, the Iowa Supreme Court stated: "We held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain."  *State v.*

treatment for alcoholism than to be put in prison. He points out that he was seventy-six years old at the time of sentencing and a military veteran. The defendant stated that he was drinking because he was going through lengthy divorce proceedings. Defense counsel stated that Mason was no longer driving and his daughter was providing transportation for him.

A court's sentencing decisions are reviewed for an abuse of discretion when the sentence is within the statutory limits. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)). A ruling is untenable when it is based on an erroneous application of law. *Id.* "If the evidence supports the sentence, the district court did not abuse its discretion." *Id.* at 24–25.

The court stated:

> Sir, my job is to fashion the appropriate sentence that provides you the maximum opportunity for rehabilitation but also protects the community and prevent yourself and others from committing future offenses like this. I'm sympathetic to your military background as well as the personal issues that you've been experiencing. But looking at this case you picked up three OWIs within a two year period. When you were on probation for the last OWI you had a probation revocation where you did 21 days in the county jail. And then you were later revoked from that probation order to do 60 days, eligible for electronic monitoring after 20 days on those two previous OWIs. You had to do 81 days in the county jail plus the original two days. You did so. You did the three days in jail on that.
> Based on your lack of success on probation in that case as well as the relatively short time period before you picked up this third

---

*Thompson*, 951 N.W.2d 1, 2 (Iowa 2020). Because Mason appeals his sentence that was neither mandatory nor part of a plea agreement, we determine he has established "good cause" to appeal his conviction.

offense I am going to go with the State's recommendation and order
you to be incarcerated for a period not to exceed five years.

We find the court did not abuse its discretion by sentencing Mason to a term of imprisonment not to exceed five years. Mason was unsuccessful when placed on probation in the past. Also, he had three OWI convictions within a two-year period. The record does not show the court misapplied the law in this case. *See id.* at 24. We find the evidence supports the sentence and, thus, conclude the court did not abuse its discretion. *See id.* at 24–25.

We affirm Mason's conviction.

**AFFIRMED.**