# IN THE COURT OF APPEALS OF IOWA

No. 21-1950
Filed August 3, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CRISSIE MARIE HELDENBRAND,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

A defendant appeals her sentence following a guilty plea. **AFFIRMED.**

Nicholas Einwalter, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

Crissie Heldenbrand pled guilty to dependent adult abuse by financial exploitation, first-degree theft, and forgery. *See* Iowa Code §§ 235B.20(5), 714.2(1), 715A.2(2)(a)(3) (2021). Under the guise of handling her grandmother's affairs, Heldenbrand diverted over $75,000 in under four months.[1] At the sentencing hearing, the State recommended concurrent, suspended sentences totaling ten years and that Heldenbrand be placed on probation for two years; Heldenbrand requested deferred judgments. The district court followed the State's recommendation, citing specifically its reliance on the presentence investigation report, Heldenbrand's age, her previous deferred judgment, the nature of the crime, her potential for rehabilitation, and the protection of the community. The sentencing court explained:

> [T]his kind of behavior, after you've already been through the criminal justice system for financial crime and felony level, leaves the court here in its decision to lean hard on protection of the community. Yes, a conviction will make it more difficult for you to find good employment, but, yes, employers and others in the community need to be aware that this is what you've done in your adult life because they need to be protected.
> I can't see clear here to grant a deferred judgment. And I know that will make things more difficult for you, but this whole episode in your life needs to drive home very clearly that we can't have this in our community and that you need to take strong actions to change, take advantage of opportunities for mental health counseling and treatment necessary so that you can be present for your children, so that you can take on the difficult task of providing for them and that you can do it without committing more crimes.

---

[1] The victim's pecuniary damage statement filed with the court reported Heldenbrand cashed more than $25,000 of her grandmother's checks, spent more than $18,000 with her grandmother's debit card, and used one of her grandmother's checks to purchase a truck for nearly $34,000. The total ordered restitution was $76,319.06.

The written sentencing order also enumerated factors considered by the court, including Heldenbrand's employment circumstances, family circumstances, mental health, substance-abuse history, treatment options, and statutory sentencing requirements.

Heldenbrand appeals,[2] arguing the sentencing court gave too little weight to her opportunity for rehabilitation and too much weight to the protection of the community from further offenses.

"When a sentence imposed by a district court falls within the statutory parameters,[3] we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). A court abuses its discretion when it "exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of respect afforded by the appellate process.'" *Damme*, 944 N.W.2d at 106 (citation omitted).

Here, the factors Heldenbrand challenges are not improper. *See* Iowa Code § 901.5 ("The court shall determine which of [the sentencing options] . . . or which

---

[2] Though Heldenbrand is appealing from convictions following a guilty plea to crimes other than class "A" felonies, she has good cause to do so because she is appealing her sentence. *See* Iowa Code § 814.6(1)(a)(3) (excluding an appeal from "[a] conviction where the defendant has pled guilty," without good cause, from a defendant's right to appeal); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

[3] There is no dispute that the sentence falls within the statutory limits. *See* Iowa Code §§ 714.2(1), 902.9(1)(d).

combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."); *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("[B]efore deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing."). And, while Heldenbrand argues the clear choice should have been a deferred judgment, "[t]he decision to grant a deferred judgment to an eligible defendant rests within the sound discretion of the sentencing court." *See State v. Denton*, No. 14-0172, 2014 WL 3749417, at *1 (Iowa Ct. App. July 30, 2014). The sentencing court considered many relevant factors and came to the reasonable conclusion that a deferred judgment was inappropriate. Given the strong presumption we give in favor of a sentence that falls within the statutory limits, and because the sentencing court appropriately weighed the required factors, we affirm Heldenbrand's sentence.

**AFFIRMED.**