# IN THE COURT OF APPEALS OF IOWA

No. 24-1156
Filed March 19, 2025

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**COLLIN WESLEY TOWLERTON,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Webster County, Kurt Stoebe, Judge.

　　　Collin Wesley Towlerton appeals the sentences imposed by the district court after pleading guilty. **AFFIRMED.**

　　　Judd Parker of Parker Law Office PLLC, Waukee, for appellant.

　　　Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

　　　Considered by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Collin Wesley Towlerton appeals the sentences imposed by the district court after pleading guilty to possession of a firearm by a prohibited person, *see* Iowa Code § 724.26(1) (2024), and reckless use of a firearm resulting in property damage, *see id.* § 724.30(3). Finding no abuse of discretion, we affirm.

## I. Background Facts and Proceedings.

In late 2022, Towlerton discharged a firearm at a garage, causing damage. Towlerton was a felon and was prohibited from possessing a firearm. As a result, the State charged him with possession of a firearm by a prohibited person and reckless use of a firearm resulting in property damage, and Towlerton pled guilty as charged. The court accepted Towlerton's guilty plea and ordered a presentence investigation (PSI) report.

A sentencing hearing was initially scheduled to occur in mid-2024, but it was continued to allow Towlerton to complete substance-use treatment at Prairie Ridge in Mason City, Iowa. Just days before the rescheduled sentencing hearing, Towlerton moved to strike the PSI report and continue the hearing again. In his motions, he alleged that the PSI report included improper pending charges and should be updated to reflect his completed treatment. The court denied his motion to continue.

At the sentencing hearing, the court heard arguments on the motion to strike the PSI report. It then granted the motion in part, striking any mention of pending charges. The court also permitted Towlerton to testify that he successfully completed substance-use treatment at Prairie Ridge and was recently accepted into the Kingdom Living program rather than formally amending the PSI report.

Towlerton asked the court to suspend his sentences so he could complete the Kingdom Living program.  But the court sentenced Towlerton to an indeterminate term of incarceration not to exceed five years on count I and two years for count II, ordering the sentences to be served consecutively.  Towlerton appeals.[1]

## II.     Continuance.

Towlerton first argues that the district court abused its discretion by failing to continue the sentencing hearing.  "We generally review a district court's denial of a motion for continuance for an abuse of discretion."  *State v. Bumpus*, No. 18-1665, 2020 WL 1879671, at *2 (Iowa Ct. App. Apr. 15, 2020) (citation omitted).  We will not reverse the court's decision to deny a continuance "unless it results in injustice."  *Id.* (citation omitted).  Specifically, Towlerton contends that he needed more time to correct the PSI report and provide testimony about the Prairie Ridge and the Kingdom Living programs.

There are three issues with Towlerton's assertions.  First, the PSI report was already corrected on the record at the sentencing hearing, and despite Towlerton's claim that "[t]here is no guarantee" the pending charges weren't considered by the court, this is not supported by our caselaw or the record.  We place "great confidence" in the court to sentence appropriately and do not second-guess its decisions without affirmative evidence it relied on improper considerations.  *State v. Goad*, No. 17-1057, 2018 WL 2084834, at *1 (Iowa Ct.

---

[1] Defendants generally do not have a right to appeal after pleading guilty.  *See* Iowa Code § 814.6(1)(a)(3).  But because Towlerton is challenging the discretionary sentence imposed on his convictions rather than the guilty plea itself, he has "good cause" to pursue an appeal.  *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  We therefore proceed to the merits.

App. May 2, 2018). But more importantly, the court *expressly* stated that it would not consider the unproven offenses, and Towlerton's counsel conceded at the sentencing hearing that "the Court is not considering" the charges when sentencing him. Second, the sentencing court expressly agreed that Towlerton had successfully completed his treatment at Prairie Ridge, and this was corroborated by several letters of support. Third, Towlerton was afforded the opportunity to provide information about alternative sentencing options, such as Kingdom Living or outpatient treatment. *See State v. Awino*, No. 23-0928, 2024 WL 4220580, at *5 (Iowa Ct. App. Sept. 18, 2024) (considering whether "there were other means available to present [pertinent, mitigating] information without additional delay"). Towlerton's counsel provided an explanation of the program and its offerings to the court, and Towlerton himself testified to what the experience would mean to him personally. Towlerton also provided the Prairie Ridge letters of support, in which his providers and friends stated that Towlerton had previously succeeded in treatment and continued to engage in outpatient treatment options. Because Towlerton suffered no "injustice" by the denial of a continuance, we find no abuse of discretion. *Bumpus*, 2020 WL 1879671, at *2.

### III.     *Sentencing Discretion.*

Towlerton also contends the sentencing court abused its discretion by failing to consider certain mitigating factors, suspend his sentence, or adequately explain its reasoning for the imposed sentence.[2] We review sentencing decisions

---

[2] Towlerton also argues that the court improperly considered the PSI report, including "unproven offenses" in the form of the pending charges. He claims this required the entire PSI report to be struck. But as previously discussed, the court struck these portions of the PSI report and expressly did not consider the charges

for correction of errors at law. *Damme*, 944 N.W.2d at 103. The sentencing court has "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Towlerton first challenges the court's alleged failure to consider mitigating factors, including his substance-use concerns, previous success in treatment, and acceptance into the Kingdom Living program. He further claimed that the circumstances of the case do not warrant incarceration because the victim threatened him, Towlerton was less culpable due to his intoxication, and no one was harmed. But even if the court believed Towlerton's version of events, it weighed these mitigating circumstances against the extreme danger Towlerton posed to the community:

> Mr. Towlerton, this is a very, very serious case. This is not merely a case of someone who is prohibited from having a firearm who has decided to violate the law and possess that firearm. This is a case where someone discharged the firearm, didn't discharge the firearm once or twice or three times or four times or five times or six times or seven times but eight times, not in to the air, not at a target, not at cans, but at a garage and hit the garage and didn't do that accidentally, but did it on purpose and didn't do it just to see what would happen, but did it out of anger and didn't just do it out of anger, but did it while high or drunk or both. How dangerous is that?

when sentencing him. Further, "a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *State v. Essary*, No. 10-1188, 2011 WL 1136550, at *3 (Iowa Ct. App. Mar. 30, 2011). We therefore do not address this argument further.

The court also admonished Towlerton for placing "blame" for the incidents on substance use when he made no moves to resolve the "anger," which it concluded is "the conduct that is the basis of this charge." And despite Towlerton's substantial familial support and repeated attempts to treat his substance use, the court found that Towlerton was "a danger to the public" and that this incident "could only have ended in a tremendous tragedy." While Towlerton may not agree with the sentence imposed, he provides no indication that the court considered any improper circumstances. Instead, the court exercised its discretion and came to a different result than what Towlerton requested. "Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Formaro*, 638 N.W.2d at 725.

Next, Towlerton claims that the court failed "to justify" its sentencing decision at the hearing and used "boilerplate language" in its written order. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (acknowledging the court's requirement "to 'state on the record its reason for selecting the particular sentence'" (citation omitted)). To determine whether a court adequately stated its reasons for its sentencing decision, we consider both the written sentencing order and its oral pronouncement. *See State v. Luke*, 4 N.W.3d 450, 458 (Iowa 2024) ("[T]he oral colloquy and the written sentencing order may be combined to determine whether sufficient reasons have been given."). We have already determined that the court described at length why the imposition of a prison sentence was justified. But this requirement also extends to the imposition of consecutive sentences. *Hill*, 878 N.W.2d at 273.

After careful review of the record, we find that the court provided sufficient reasons for imposing consecutive sentences. At the sentencing hearing, the court explicitly stated that consecutive sentencing was warranted "because of the seriousness of this offense and because of the need to deter the defendant from committing additional offenses as well as protection of the public from additional incidents." It also pointed to its previous reasons for imposing a prison sentence versus a suspended sentence, which included Towlerton's failure to change despite repeated attempts on probation and in substance-use treatment. This is a far cry from the "boilerplate-language approach that does not show why a particular sentence was imposed in a particular case." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015); *accord State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) (vacating a sentence that failed to provide any reason for the sentence and instead used a generic form with check boxes). Instead, the court pointed to the specific circumstances of Towlerton's case and concluded that they necessitated a prison sentence. We do not find this exercise of discretion in any way constitutes error. Accordingly, we affirm Towlerton's sentences.

## IV.    *Disposition.*

Because the court did not abuse its discretion when sentencing Towlerton, we affirm his sentences.

**AFFIRMED.**